OPINION
{¶ 1} Defendant-appellant, Charles Lydic, appeals the decision of the Butler County Court of Common Pleas sentencing him to consecutive six-year terms for two counts of burglary. We affirm the common pleas court's decision.
 {¶ 2} In December 2002, appellant was indicted on two counts of burglary in violation of R.C. 2911.12, one count of robbery in violation of R.C. 2911.02, and two counts of petty theft in violation of R.C. 2913.02. After initially pleading "not guilty," appellant changed his plea to "guilty" for the two burglary counts and the two petty theft counts. The robbery count was merged with the other counts in the indictment. The common pleas court subsequently convicted appellant of two counts of burglary and two counts of petty theft. The two burglary counts were second-degree felonies, while the petty thefts counts were first-degree misdemeanors.
 {¶ 3} The common pleas court sentenced appellant to consecutive six-year prison terms for the two burglary counts. The court sentenced appellant to six months in prison for each of the two petty theft counts, those terms to run concurrently to the terms for the burglary counts.
 {¶ 4} Appellant now appeals the common pleas court's decision imposing consecutive sentences for the burglary counts. Appellant assigns one error as follows:
 {¶ 5} "The court erred in imposing consecutive sentences."
 {¶ 6} Appellant argues that the common pleas court's decision imposing consecutive sentences for the two burglary counts is not supported by the record. According to appellant, the record does not show that the harm caused by his conduct was so great or unusual as to require the imposition of consecutive sentences.
 {¶ 7} Before imposing consecutive sentences, R.C.2929.14(E)(4) requires the sentencing court to make three findings. First, the court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. Second, the court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Third, the court must find one of the following:
 {¶ 8} (1) The offender committed one or more of the multiple offenses while awaiting trial or sentencing, was under sanction pursuant to R.C. 2929.16, R.C. 2929.17, or R.C. 2929.18, or was under post-release control for a prior offense.
 {¶ 9} (2) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses adequately reflects the seriousness of the offender's conduct.
 {¶ 10} (3) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
 {¶ 11} An appellate court may not disturb a sentence imposed by a trial court unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law or statute. R.C. 2953.08(G)(2). Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." State v. Garcia (1998),126 Ohio App.3d 485, 487.
 {¶ 12} In accordance with State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, the common pleas court made the required statutory findings on the record at the sentencing hearing. The court found that consecutive sentences were necessary to protect the public from future crime, and that consecutive sentences were not disproportionate to the seriousness of the crimes. R.C.2929.14(E)(4). The court also found that the harm caused was so great or unusual that no single prison term would adequately reflect the seriousness of appellant's conduct. R.C.2929.14(E)(4)(b). Further, the court found that appellant's history of criminal conduct demonstrated that consecutive sentences were necessary to protect the public from future crime by appellant. R.C. 2929.14(E)(4)(c).
 {¶ 13} Appellant argues that the record does not support a finding pursuant to R.C. 2929.14(E)(4)(b) that the harm appellant caused was so great or unusual that a single prison term would not adequately reflect the seriousness of appellant's conduct. We disagree. As the common pleas court stated at the sentencing hearing, both instances of burglary involved appellant breaking into residences while the residents were at home. The court described appellant's crimes as a violation of the victims' sense of "well-being, security, * * * [and] privacy." The court further described the burglaries as causing "traumatic harm" to the victims who would "live in constant fear" of being burglarized again. While appellant did pay restitution and did not cause physical harm to the victims, the harm was still great. We cannot find by clear and convincing evidence that the common pleas court's finding was unsupported by the record or contrary to law.
 {¶ 14} Even without a R.C. 2929.14(E)(4)(b) finding, the common pleas court could still have imposed consecutive sentences based on its finding pursuant to R.C. 2929.14(E)(4)(c) that appellant's history of criminal conduct necessitated consecutive sentences. That finding is clearly supported by the record. As the court noted at the sentencing hearing, appellant had been to prison three previous times. Appellant had previously been convicted of receiving stolen property, breaking and entering, criminal trespass, abduction, and cocaine possession, in addition to numerous probation violations. Appellant committed the burglary offenses less than a year after he was released from prison.
 {¶ 15} After thoroughly reviewing the record, we find that the common pleas court's imposition of consecutive sentences was supported by the record and not contrary to law. Accordingly, we overrule appellant's sole assignment of error.
 {¶ 16} Judgment affirmed.
Valen, P.J., and Walsh, J., concur.