OPINION
{¶ 1} In this appeal, defendant-appellant, Norman Jackson, claims the trial court erred by sentencing him to consecutive sentences on three counts of nonsupport of dependents.
 {¶ 2} Initially indicted on five fifth-degree felony counts of nonsupport of dependents, appellant agreed to plead guilty to three counts. The state agreed to merge the remaining two counts and appellant was sentenced to a total of three 11-month prison terms and three $250 fines. The trial court ordered that two of the terms be served consecutive to one another and concurrent to the third 11-month term.
 {¶ 3} As his sole assignment of error, appellant claims the trial court erred by imposing consecutive sentences. Specifically, appellant claims the trial court failed to recite its underlying reasons in compliance with R.C. 2929.14(E)(4) andState v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165.
 {¶ 4} Before a court may impose consecutive sentences, R.C.2929.14(E)(4) requires three distinct findings. First, the sentencing court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. Second, the court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Third, the court must make one of three distinct determinations: That the offender committed one or more offenses while awaiting trial or sentencing, was under a community control sanction, or was under post-release control for a prior offense; that at least two of the offenses were committed as part of one or more courses of conduct and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses adequately reflects the seriousness of the offender's conduct; or that the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. State v. Copeland, Butler App. No. CA2003-12-320,2005-Ohio-5899, ¶ 102-106; State v. Lydic, Butler App. No. CA2003-04-101, 2004-Ohio-699.
 {¶ 5} The trial court stated that appellant had committed the nonsupport crimes while on community control for a charge of receiving stolen property and had also been charged with violating the terms of his community control. The court further observed that the arrearage appellant owed for support of his dependents exceeded $42,000 and that appellant had a long criminal history marked by repeated incidents of public intoxication, failing to appear in court, and convictions for receiving stolen property, theft, attempted theft, trespass, OVI, and operating a vehicle without a license.
 {¶ 6} The court noted that consecutive sentences were necessary to protect the public from future crime by appellant, and that consecutive sentences were not disproportionate to the seriousness of appellant's conduct and the danger he posed to the public. Finally, the court concluded that appellant's long criminal history demonstrated that consecutive sentences were necessary to protect the public from future crime by appellant.
 {¶ 7} We find that the trial court's observations, including the long list of appellant's criminal history, adequately satisfy the Comer requirement that the trial court recite underlying reasons for the imposition of consecutive sentences. The trial court's findings comply with the requirements of R.C.2929.14(E)(4).
 {¶ 8} Appellant also claims that the imposition of consecutive sentences violates his constitutional right to a trial by jury under Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531. This court has previously held that the findings a trial court is required to make under R.C. 2929.14(E)(4) for the imposition of consecutive sentences do not violate Blakely.
See State v. Copeland, 2005-Ohio-5899, at ¶ 14. See, also,State v. Borders, Clermont App. No. CA2004-12-101,2005-Ohio-4339, ¶ 15.
 {¶ 9} We accordingly conclude that the trial court did not err by imposing consecutive sentences. For these reasons, appellant's sole assignment of error is hereby overruled.
 {¶ 10} Judgment affirmed.
Powell, P.J., and Young, J., concur.