OPINION
{¶ 1} Defendant-appellant, Christopher Dale Ebbing, appeals the trial court's decision to sentence him to maximum, consecutive sentences after he was convicted of three counts of arson.[1]
 {¶ 2} Appellant was indicted for three counts of arson and six counts of aggravated arson. Pursuant to a plea bargain, appellant pled guilty to the three counts of arson and the remaining counts were dismissed. The trial court held a sentencing hearing and sentenced appellant to the maximum sentence, 18 months, on Counts One and Three, and 12 months on Count Two. The trial court ordered all three sentences to be served consecutively.
 {¶ 3} Appellant now appeals the trial court's decision to sentence him to the maximum sentence on Counts One and Two and to impose consecutive sentences. He raises two assignments of error for our review.
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "The Trial Court Erred In Imposing Consecutive Sentences Without Making The Requisite Findings Under R.C. 2929.14(e)(4) Or Stating Its Reasons Under R.C. 2929.19(B)(2)(c)."
 {¶ 6} Assignment of Error No. 2:
 {¶ 7} "The Trial Court Erred In Imposing Maximum Sentences Without Making The Requisite Findings Under R.C. 2929.14(C) OR Stating Its Reasons Under R.C. 2929.19(B)(2)(d)."
 {¶ 8} In his first assignment of error, appellant contends that the trial court failed to make the requisite findings and to state reasons for those findings in imposing consecutive sentences. Pursuant to R.C. 2929.14(E)(4), a trial court may impose consecutive terms of imprisonment if it makes three findings. First, the trial court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. R.C. 2929.14(E)(4). Second, the consecutive terms must not be disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Id. Finally, the trial court must also find that one of the additional factors listed in R.C. 2929.14(E)(4)-(a) through (c) applies:
 {¶ 9} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 10} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 11} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 12} When imposing consecutive sentences, the trial court must make the statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing. State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, paragraph one of the syllabus. R.C.2929.14(E)(4) does not require the trial court to recite the exact words of the statute in a talismanic ritual to impose consecutive sentences upon an offender. State v. Kelly (2001), 145 Ohio App.3d 277; State v.Finch (1998), 131 Ohio App.3d 571, 574.
 {¶ 13} In this case, the trial court stated that "consecutive sentencing is necessary to protect the public from future crime as well as punish you, and that it's not disproportionate to the seriousness of your conduct and to the danger you pose to the public." The court also stated that "[y]our history of criminal conduct demonstrates consecutive sentences are necessary also to protect the public, and therefore, consecutive sentences will be imposed." These statements meet the required statutory findings for imposing consecutive sentences.
 {¶ 14} Appellant argues that the trial court failed to state reasons supporting the statutory findings. The sentencing record reveals that the arson convictions were a result of appellant setting fire to two cars in a driveway of a friend's house and returning on another night to again set fire to one of the cars.
 {¶ 15} The trial court stated that it had considered the sentencing criteria, the purposes, principles, guidelines of sentencing, the criteria under 2929.11, 12 and 13, and that it had considered the presentence investigation and statements of the victim. The court then found that the offenses were more serious because the relationship between appellant and the victim facilitated the offense. The court stated that appellant was friends with the family for over ten years and the family's children considered him a close friend. The trial court also found that psychological harm resulted to at least one of the family members, the victim's son, because of the crime. The court then noted that appellant has a history of previous criminal convictions, including several previous felony convictions, and had not responded favorably in the past to sanctions imposed, and that he continued to engage in criminal activity following several probation and prison sanctions. The court stated that appellant's history of criminal conduct demonstrates that consecutive sentences were necessary because appellant has a lengthy criminal record and that he attempted to commit this offense not only once, but twice. The trial court also noted there was a likelihood of serious harm to the people involved near the fire and to the fire departments putting out the fire.
 {¶ 16} The court then stated, "[f]or all the above reasons then this court is going to impose consecutive sentencing." The court then specifically stated the necessary statutory findings to impose consecutive sentences. Thus, we find that the trial court sufficiently stated its reasons for imposing consecutive sentences.
 {¶ 17} At oral argument in this case, appellant's counsel argued that, pursuant to State v. Comer, 2003-Ohio-4165, the trial court must "clearly align each rationale with the specific finding to support its decision to impose consecutive sentences." Id. at ¶ 21. However, the rationale behind aligning the statutory findings with the reasons is so that the "findings and reasons *** [are] articulated so that an appellate court can conduct a meaningful review of the sentencing decision." Id. While this court envisions specifically stating each statutory finding followed by the specific rationale as the ideal practice, it is clear from the trial court's discussion in the case before us that the court considered how the statutory factors apply to the facts of this case. Thus, we find that the trial court did not err in imposing consecutive sentences in this case. Appellant's first assignment of error is overruled.
 {¶ 18} In his second assignment of error, appellant contends that the trial court failed to make the required findings for imposing maximum sentences for Counts One and Three. A trial court may impose the maximum term of imprisonment upon an offender only if the offender is a certain major dug offender or repeat violent offender, or if the trial court finds on the record that the offender "committed the worst forms of the offense" or that the offender "pose[s] the greatest likelihood of committing future crimes." R.C. 2929.14(C). A trial court must provide the reasons underlying its decision to impose a maximum sentence. R.C.2929.19(B)(2)(d) and (e).
 {¶ 19} After the trial court announced its sentence at the hearing, the prosecutor questioned whether the trial court had specifically made the required findings to impose maximum sentences on Counts One and Three. The trial court responded that it had alluded to the fact that appellant poses the greatest likelihood of recidivism, but would state its finding more specifically. The trial court then stated that appellant posed the greatest likelihood of recidivism and for that reason maximum terms were imposed for Counts One and Three.
 {¶ 20} Appellant argues that although the trial court stated the "magic words" it did not state reasons for imposing maximum sentences and did not consider any of the recidivism factors found in R.C. 2929.12(D). This section lists the following factors for the trial court to consider when determining whether
 {¶ 21} "(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or under post-release control pursuant to section 2967.28
or any other provision of the Revised Code for an earlier offense or had been unfavorably terminated from post-release control for a prior offense pursuant to division (B) of section 2967.16 or section 2929.141 of the Revised Code;
 {¶ 22} "(2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has a history of criminal convictions;
 {¶ 23} "(3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions;
 {¶ 24} "(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse;
 {¶ 25} "(5) The offender shows no genuine remorse for the offense."
 {¶ 26} Appellant argues that the only factor which arguably might apply is that appellant has a criminal history and this alone is not sufficient because it would make imposition of a maximum sentence automatic when a defendant has a criminal history. We first note that this list is nonexhaustive and the trial court may consider other factors indicating that the offender is likely to commit future crimes. R.C.2929.12(D); see State v. Boshko (2000), 139 Ohio App.3d 827, 837. Thus the court was not limited solely to those factors in making its decision regarding likelihood of committing future crimes.
 {¶ 27} In addition, when discussing its reasons for the sentence it was about to impose, the trial court stated that appellant had a history of previous criminal convictions, including several previous felony convictions, and had not responded favorably in the past to sanctions imposed, and that he continued to engage in criminal activity following several probation and prison sanctions. These are sufficient reasons to support the trial court's finding that appellant had the greatest likelihood of recidivism. Therefore, the trial court did not err in imposing maximum sentences in Counts One and Three. Appellant's second assignment of error is overruled.
 {¶ 28} Judgment affirmed.
VALEN, P.J., and POWELL, J., concur.
[1] We have sua sponte removed this case from the accelerated calendar for the purpose of issuing this opinion.