{¶ 1} Appellant Jeremie D. Stover ("Stover") appeals from the decision of the Cuyahoga County Court of Common Pleas to sentence him to maximum consecutive terms of imprisonment with post-release control. For the reasons adduced below, we vacate the sentence and remand for resentencing.
 {¶ 2} The following facts give rise to this appeal. Stover was indicted by the Cuyahoga County Grand Jury on one count of domestic violence and one count of felonious assault. Stover entered a guilty plea to the charge of domestic violence, a felony of the fifth degree, and to an amended charge of attempted felonious assault, a felony of the third degree.
 {¶ 3} At the sentencing hearing, the trial court made the following findings on the record:
"THE COURT: All right. Under Count One, that is — well, firstof all, the Court will make some findings here that you were onprobation when this act occurred.
 "THE DEFENDANT: Correct.
 "THE COURT: You have a prior adjudication of delinquency andcriminal convictions.
 "You failed to respond favorably in the past to probationarysanctions, and you are not remorseful at all, not really.
 "If I let you go, you'll do it all over again. She is dumbenough to take you back, so we'll have to do some extraordinarythings."
 {¶ 4} The trial court proceeded to impose the maximum sentence of one year's imprisonment on the domestic violence charge and the maximum sentence of five years' imprisonment on the attempted felonious assault charge. The trial court ordered the sentences to run consecutively for a total of six years' imprisonment. Although not mentioned at the hearing, the trial court also included post-release control as part of the sentence in the sentencing journal entry.
 {¶ 5} Stover has appealed the trial court's sentencing order raising four assignments of error for our review. For purposes of this opinion, we shall consider the assignments out of the order in which they were raised. We shall first address Stover's second assignment of error, which provides:
 {¶ 6} "The trial court violated R.C. 2929.14 in imposing consecutive sentences."
 {¶ 7} R.C. 2929.14(E)(4) provides that a trial court may impose consecutive sentences only when it concludes that the sentence is "(1) necessary to protect the public from future crime or to punish the offender; (2) not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) the court finds one of the following: (a) the crimes were committed while awaiting trial or sentencing, under sanction, or under post-release control; (b) the harm caused by multiple offenses was so great or unusual that a single prison term would not adequately reflect the seriousness of his offense; or (c) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime." State v. Stadmire, Cuyahoga App. No. 81188, 2003-Ohio-873.
 {¶ 8} In addition, R.C. 2929.19(B)(2) provides that "a court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances: * * * (c) If it imposes consecutive sentences under section 2929.14 of the Revised Code, its reasons for imposing the consecutive sentences."
 {¶ 9} Thus, a trial court is required to make at least three findings under R.C. 2929.14(E)(4) prior to sentencing an offender to consecutive sentences and must give the reasons for its findings pursuant to R.C. 2929.19(B)(2)(c). Stadmire, supra. Failure to sufficiently state these reasons on the record constitutes reversible error. Id.
 {¶ 10} In this case, the trial court made only two of the required findings. The court found Stover had prior criminal convictions, failed to respond favorably in the past, was not remorseful, and would do the same thing all over again. We view this as a finding that the sentence was necessary to protect the public from future crime. While the trial court's findings did not mimic the exact language of R.C. 2929.14(E)(4), the statute does not require the trial court to recite its exact words to impose consecutive sentences. State v. Ebbing, Clermont App. No. CA2003-05-041, 2003-Ohio-5877.
 {¶ 11} The court also found that Stover committed the offense while on probation. However, the court made no findings relating to proportionality.
 {¶ 12} We have previously recognized that R.C. 2929.14(E)(4) is satisfied when we can glean from the tenor of the trial court's comments, its findings, and the evidence that imposition of consecutive sentences is justified. State v. Thomas,
Cuyahoga App. No. 81449, 2003-Ohio-4933. In this case, the trial court did not engage in an analysis upon which we can find the imposition of consecutive sentences to have been justified.
 {¶ 13} We note that the state also concedes the findings by the trial court were not sufficient. Stover's second assignment of error is sustained.
 {¶ 14} Stover's third assignment of error states:
 {¶ 15} "The sentence of 6 years for an offender who has not been sentenced to prison previously violated 2929.14(B)."
 {¶ 16} R.C. 2929.14(B) provides that in imposing a sentence upon a felony offender who has not previously served a prison term, "the court shall impose the shortest prison term authorized for the offense * * * unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 17} Further, in order for a trial court to impose the maximum sentence, it must make the required findings set forth in R.C. 2929.14(C), which provides in relevant part: "* * * the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst form of the offense, [and] upon offenders who pose the greatest likelihood of committing future crimes. * * *" In addition, R.C. 2929.19(B) requires the trial court "make a finding that gives its reasons for selecting the sentence imposed" and if that sentence is the maximum term allowed for that offense, the judge must set forth "reasons for imposing the maximum prison term." Failure to enumerate the findings behind the sentence constitutes reversible error. State v. Edmonson,86 Ohio St.3d 324, 329.
 {¶ 18} In the instant case, Stover had never previously served a prison term. The trial court was required, but failed, to find on the record that the shortest prison term would demean the seriousness of the offender's conduct or would not adequately protect the public from future crime by the offender or others. R.C. 2929.14(B); State v. Lyons, Cuyahoga App. No. 80220, 2002-Ohio-3424. The trial court also did not make any of the required findings or set forth its reasons for imposing a maximum sentence pursuant to R.C. 2929.14(C). Again, the state concedes the trial court's findings were not sufficient. Stover's third assignment of error is sustained.
 {¶ 19} We now return to Stover's first assignment of error that provides:
 {¶ 20} "The trial court failed to comply with R.C.2929.11(B), State v. Lyons, 2002 Ohio 3424, at para. 30, Cuyahoga App. No. 80220, and failed to ensure the sentence imposed was consistent with sentences imposed for similar crimes committed by similar offenders."
 {¶ 21} R.C. 2929.11(B) reads as follows: "(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(A) provides that the "overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender."
 {¶ 22} In State v. Lyons, Cuyahoga App. No. 80220, 2002-Ohio-3424, we held that "with the resources available to it, a trial court will, and indeed it must, make these sentencing decisions in compliance with [R.C. 2929.11]." Further, although there is no grid under Ohio law under which identical sentences must be imposed for various classifications of offenders, a sentence must not be so unusual as to be outside the mainstream of local judicial practice. State v. Turner, Cuyahoga App. No. 81449, 2003-Ohio-4933.
 {¶ 23} While we have recognized that R.C. 2929.11 does not require a trial court to make findings on the record, a record must nevertheless adequately demonstrate that the trial court considered the objectives of R.C. 2929.11(B). State v. Thomas,
Cuyahoga App. No. 81449, 2003-Ohio-4933. In this case, not only did the trial court fail to make the appropriate findings for imposing the sentence issued, but also, the court's statements do not reflect that the trial court considered the objectives of R.C. 2929.11(B). Stover's first assignment of error is sustained.
 {¶ 24} Finally, Stover's fourth assignment of error provides:
 {¶ 25} "The court's order that post release control is part of his sentence must be vacated under Woods v. Telb (2000),89 Ohio St.3d 504, paragraph two of the syllabus."
 {¶ 26} Stover correctly argues that the trial court never mentioned, either at the plea hearing or at the sentencing hearing, that post-release control was part of his sentence. Stover asserts that the post-release control term should be vacated. However, because this matter is being remanded for resentencing, Stover's fourth assignment of error is moot pursuant to App.R. 12.
Sentence vacated and case remanded for resentencing.
This cause is vacated and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, ordered that said appellant recover of said appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, P.J., and Calabrese, Jr., J., concur.