JOURNAL ENTRY OPINION
{¶ 1} Defendant-appellant Curtis Hinnant appeals his convictions of trafficking and possession of drugs entered by the Cuyahoga County Court of Common Pleas after a jury found him guilty of the offenses. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} On October 30, 2002, the Sixth District Cleveland Vice Unit set up a "buy-bust" detail in the area of Coit and Woodworth Roads. A "buy-bust" detail is an operation in which an undercover officer and a confidential informant ("CI") attempt to make buys from suspected drug dealers. Cleveland Vice Detective Eugene Jones ("Det. Jones") observed defendant loitering in front of a convenience store located at 14625 Coit Road and engaging in hand-to-hand transactions with other males standing in front of the store. Det. Jones suspected that defendant was involved in drug activity and obtained a CI for a "buy-bust."
 {¶ 3} Prior to arriving at the area of Coit Road, Det. Jones patted down the CI to ensure that he did not have any money or drugs on his person and then gave him marked currency. Det. Jones and the CI then approached the area where the defendant was. Det. Jones parked his car in a location where he could watch everything that was going on near the store and allowed the CI to get out of the vehicle. Cleveland Vice Detective Robert Glover ("Det. Glover"), the spotter in the surveillance team, was parked in another unmarked vehicle within five to six feet of Det. Jones' car. The CI engaged in a brief conversation with the defendant. The CI gave defendant some money and received two small white objects in exchange. The white objects were later determined to be two rocks of crack cocaine. The defendant entered the convenience store following this transaction.
 {¶ 4} After the CI returned to the vehicle, Det. Jones radioed Detective Kevin Freeman ("Det. Freeman") of the "takedown" unit to arrest defendant. Based upon the physical description given by Det. Jones, Det. Freeman and three other officers from the Cleveland Police Department entered the store and apprehended defendant shortly after receiving the phone call. No contraband was recovered from defendant. The marked currency was also not recovered. A cell phone and pager were confiscated from his person. Shortly thereafter, Det. Jones and Det. Glover positively identified the defendant as the person they observed selling the two rocks of crack cocaine to the CI.
 {¶ 5} On December 12, 2002, defendant was indicted for one count of trafficking in drugs, in violation of R.C. 2925.03; one count of possession of drugs, in violation of R.C. 2925.11; and one count of possession of criminal tools, in violation of R.C.2923.24. Defendant pled not guilty and the matter proceeded to a jury trial on March 24, 2003. At trial, defendant was convicted of trafficking and possession of drugs and sentenced to concurrent terms of one year each. The charge of possession of criminal tools was dismissed by the court.
 {¶ 6} Defendant appeals his convictions and raises two assignments of error for our review. Assignment of Error I states:
 {¶ 7} "I. The trial court erred by denying the appellant his right to compulsory process by refusing to allow the defense to call a witness to testify."
 {¶ 8} In his first assignment of error, defendant claims that the trial court erred by refusing to allow the defense to call defendant's probation officer as a witness. This witness would have testified that defendant had complied with the terms of his probation and had not submitted any dirty urines. Defendant argues that this testimony is relevant because the fact that he was not using drugs would make it less likely that he possessed drugs.
 {¶ 9} Relevant evidence is defined as "any evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." See Evid.R. 401. The trial court is invested with broad discretion regarding the admissibility of relevant evidence. Absent an abuse of discretion, the trial court's judgment in this area will not be reversed. State v. Hymore (1967), 9 Ohio St.2d 122. An abuse of discretion is defined as a decision that is unreasonable, arbitrary or unconscionable, rather than a mere error in judgment. Blakemore v. Blakemore (1983), 5 Ohio St.2d 217.
 {¶ 10} Here, we do not find an abuse of discretion. The testimony of the probation officer would have been irrelevant. He was not an eyewitness to the incident nor was he an alibi for the defendant. Moreover, the presence or absence of drugs in the defendant's urine does not affect the burden inherent in the State's case nor does it directly support the defendant's denial of guilt since defendant was charged with drug trafficking and possession, not drug abuse. Thus, the absence of dirty urines would not, in itself, be of critical importance in view of the factual background in this case.
 {¶ 11} Assignment of Error I is overruled.
 {¶ 12} "II. The performance of trial counsel denied the appellant his right to effective assistance of counsel."
 {¶ 13} In his second assignment of error, defendant argues that his trial counsel was deficient in various respects and that he was denied his constitutional right to the effective assistance of counsel.
 {¶ 14} In order for this Court to reverse a conviction on the grounds of ineffective assistance of counsel, we must find that (1) counsel's performance was deficient and (2) that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. Strickland v. Washington (1984),466 U.S. 668, 687. Counsel's performance is deficient if it falls below an objective standard of reasonable representation. Statev. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus. To establish prejudice, "the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." Id. at paragraph three of the syllabus. Strategic or tactical decisions made by defense counsel which are well within the range of professionally reasonable judgment need not be analyzed by a reviewing court. Strickland, supra.
 {¶ 15} Defendant first argues that his trial counsel performed deficiently by failing to object when the State referred to the CI as a confidential reliable informant instead of just an informant or a confidential informant. (Emphasis added). We disagree. The credibility of the CI was not at issue in this case since he/she did not testify at trial. Rather, Det. Jones testified to what he saw and did, not to what the CI did. Moreover, Det. Jones was not bolstering the credibility of the CI, he merely testified that the CI was considered reliable because he/she had performed numerous controlled buys for the vice detectives. See State v. Paul, Cuyahoga App. No. 79596, 2002-Ohio-591; State v. Cruz (Nov. 17, 1988), Cuyahoga App. Nos. 54489, 54535, 54572. Accordingly, defendant was not rendered ineffective assistance of counsel. See Bradley, supra.
 {¶ 16} Next, defendant claims that he was prejudiced when his trial counsel failed to request the removal of a juror who overheard the defendant saying "the motherfuckers are liars." We disagree. The record demonstrates that defense counsel had the opportunity to examine the juror and the juror indicated he could make a fair and unbiased judgment. Further, defendant cannot show he was prejudiced by the juror overhearing this remark because defendant's defense was, in fact, that the police officers were erroneous or lying in their identification of him as the drug dealer in question.
 {¶ 17} Finally, defendant claims that his trial counsel performed deficiently by failing to proffer the testimony that his probation officer would have given regarding defendant's lack of drug use while on probation. We disagree. In the previous assignment of error, this testimony was held to be irrelevant. Since the testimony was properly excluded, counsel's failure to proffer was not prejudicial. Thus, defendant was not rendered ineffective assistance of counsel. See Bradley, supra.
 {¶ 18} Assignment of Error II is overruled.
 {¶ 19} Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J., and Karpinski, J., concur.