OPINION
{¶ 1} Defendant-appellant, Jerome Collier, appeals his conviction and sentence in the Butler County Court of Common Pleas on one count of possession of cocaine in violation of R.C. 2925.11(A). We affirm.
 {¶ 2} On May 12, 2003, appellant was released on parole for a 1992 felonious assault conviction. Less than a month later, appellant was involved in the following situation that is the subject matter of the present case. On June 10, 2003, police officers from the Hamilton Police Department were executing a search warrant at 527 Central Avenue, the residence of Calvin Simmons. Appellant, Simmons's nephew, was standing near the rear door of the residence and saw the officers approaching from the back alley. Appellant then yelled, "Police!" and slammed the door shut. The police officers requested entry, but the people inside the house refused. The officers used a battering ram to enter the premises and saw several individuals inside, including Calvin Simmons and Ronald James.
 {¶ 3} As the police entered from the back door of the house, appellant ran out the front door. He was spotted by Detective John Marcum, who was assigned to cover the front entrance. Det. Marcum drew his firearm and ordered appellant to lay on the ground. Appellant, however, did not immediately comply. As appellant continued down the sidewalk, Ronald James also attempted to exit the house through the front door. Det. Marcum looked away from appellant and ordered James to the ground. James, upon seeing the firearm, promptly stopped and went back inside the house. The detective then turned his attention back towards appellant and ordered him to stop again at which point appellant complied.
 {¶ 4} After appellant was apprehended, Det. Marcum found a plastic baggie located beneath a bush beside the front door. The baggie contained several white rocks, a substance subsequently tested and identified as 12.43 grams of crack cocaine. Appellant was brought inside the house and was informed of his Miranda rights. Appellant waived those rights and told Detective Joe Thompson that the drugs belonged to James. Appellant also maintained that his fingerprints would not be found on the baggie.
 {¶ 5} Soon thereafter, appellant asked to speak to another detective. Appellant was brought to Detective Wade McQueen who reminded appellant of his Miranda rights. Again, appellant waived those rights and informed Det. McQueen that he lied when he earlier denied ownership of the drugs. He told the detective that he dropped the baggie outside of the house's front door when he attempted to flee. He also admitted that he made three or four trips with his uncle to pick up an ounce of the drug each time. Appellant explained that he hoped to become a confidential informant for the police in light of his circumstances. The police did not arrest appellant at that time. Instead, he was told to report to the Hamilton police headquarters in 15 minutes where they could further discuss his willingness to help. However, he did not show up and he was subsequently arrested.
 {¶ 6} On July 16, 2003, appellant was indicted for possession of cocaine pursuant to R.C. 2925.11(A), a second-degree felony carrying a mandatory prison sentence because of the quantity of crack cocaine involved. On October 8 and 9, 2003, a jury trial was held. Appellant testified in his own defense at trial, contrary to his counsel's advice. He was found guilty at the conclusion of the proceedings. On November 12, 2003, the trial court imposed a five-year mandatory prison sentence upon appellant and ordered that it be served consecutive to parole time from an earlier felony assault conviction. The trial court also imposed a mandatory $7,500 fine and suspended appellant's driver's license for five years. Appellant now appeals the conviction and sentence raising three assignments of error.
 {¶ 7} In his first assignment of error, appellant argues that he was prejudiced by the trial court's decision to exclude evidence concerning his prior drug history. The trial court excluded, on the basis of relevancy, testimony by appellant's parole officer discussing whether appellant had tested positive for drugs and whether the parole officer had any knowledge of appellant using drugs. The trial court also excluded testimony by appellant during direct examination that he had no prior charges or convictions involving drug offenses. The basis for this exclusion is unclear.
 {¶ 8} The admission or exclusion of evidence rests within the sound discretion of the trial court. State v. Sage (1987), 31 Ohio St.3d 173, paragraph two of the syllabus. Absent an abuse of discretion, an appellate court will not disturb a trial court's ruling as to the admissibility of evidence. State v. Issa, 93 Ohio St.3d 49, 64, 2001-Ohio-1290. An abuse of discretion connotes more than an error in law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable.State v. Barnes, 94 Ohio St.3d 21, 23, 2002-Ohio-68.
 {¶ 9} Appellant argues that the evidence should have been admitted as character evidence under Evid.R. 404(A)(1). Evid.R. 404 provides, in pertinent part, the following:
 {¶ 10} "(A) Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, subject to the following exceptions:
 {¶ 11} "(1)Character of the accused. Evidence of a pertinent trait of his character offered by an accused * * * is admissible."
 {¶ 12} Appellant argues that evidence of his drug-free character should have been admissible to show that on June 10, he acted in conformity therewith. However, appellant fails to establish the threshold issue as to the admissibility of evidence, namely that such evidence was relevant.
 {¶ 13} "Relevant evidence" is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401.
 {¶ 14} Here, we agree with the trial court. Evidence of appellant's lack of drug history is irrelevant in the instant matter. Whether he used drugs in the past does not affect any fact of consequence because appellant was charged with drug possession, not drug abuse. See State v.Hinnant, Cuyahoga App. No. 82834, 2004-Ohio-2855 (testimony by parole officer regarding defendant's negative drug tests was properly excluded as irrelevant in drug possession case).
 {¶ 15} Assuming, for argument's sake, that the testimony was relevant, appellant did not properly present the character evidence. Appellant contends that he should have been allowed to present evidence regarding his drug-free character. However, appellant fails to acknowledge Evid.R. 405 which provides the method by which character may be proven:
 {¶ 16} "(A) Reputation or opinion. In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion. On cross-examination, inquiry is allowable into relevant specific instances of conduct.
 {¶ 17} "(B) Specific instances of conduct. In cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense, proof may also be made of specific instances of his conduct."
 {¶ 18} Appellant sought to include testimony regarding whether he had tested positive for drugs and had any prior drug convictions. Appellant is seeking to prove character using specific instances of conduct. However, as Evid.R. 405(B) states, using specific instances is only permissible during direct examination to prove character when character or a trait of character is an essential element of a charge. Thus, only the parole officer's testimony as to whether he has "ever known [appellant] to use any drugs" qualifies as evidence that can be used to properly prove character according to Ohio's Rules of Evidence. The record reveals that appellant and his parole officer had known each other for less than one month.
 {¶ 19} Assuming that this evidence was admissible as relevant character evidence, we think the trial court acted within its discretion when it excluded the parole officer's testimony because of its minimal probative value. Appellant has not demonstrated that the court's attitude was unreasonable, arbitrary, or unconscionable.
 {¶ 20} Moreover, we disagree with appellant's argument that he was prejudiced by the exclusion of evidence pertaining to his prior drug history. Crim.R. 52(A) states that "[a]ny error * * * which does not affect substantial rights shall be disregarded." In other words, the accused has a constitutional guarantee to a trial free from prejudicial error, not necessarily one free from all error." State v. Brown,65 Ohio St.3d 483, 485, 1992-Ohio-61. After reviewing the record, we find that there is substantial evidence to support the guilty verdict. Based upon the foregoing reasons, the first assignment of error is overruled.
 {¶ 21} Appellant argues in his second assignment of error that the trial court erred to his prejudice when it allegedly did not properly explain his right not to testify at trial. R.C. 2945.43 states that in a criminal case, "a person charged with an offense may, at his own request, be a witness, but not otherwise." However, the Ohio Supreme Court has held that "a trial court is not required to conduct an inquiry with the defendant concerning the decision whether to testify in his defense." (Emphasis sic.) State v. Bey, 85 Ohio St.3d 487, 499,1999-Ohio-283.
 {¶ 22} Acknowledging that such dialogue is not required, appellant alleges that he was misled by the trial court regarding his right not to testify. Specifically, he asserts that the trial court omitted from its discussion the fact that the jury cannot draw any negative inferences from his refusal to testify.
 {¶ 23} The record in this case, however, reveals that the trial court's discussion with appellant was both thorough and proper, relevant portions of which are as follows:
 {¶ 24} "THE COURT: Mr. Collier, first of all you have discussed this matter very thoroughly with your attorney; is that correct?
 {¶ 25} "THE DEFENDANT: Yes.
 {¶ 26} "THE COURT: And he's discussed with you the reasons why he thinks that you don't testify; is that correct?
 {¶ 27} "THE DEFENDANT: Yes.
 {¶ 28} "THE COURT: And clearly you disagree with him; is that correct?
 {¶ 29} "THE DEFENDANT: Yes.
 {¶ 30} "* * *
 {¶ 31} "THE COURT: You understand further that by — by testifying that you are also subject to cross-examination and if you say something that is inconsistent with that, that you may end up — that may be subject to rebuttal testimony. Do you understand all that?
 {¶ 32} "THE DEFENDANT: I understand.
 {¶ 33} "* * *
 {¶ 34} "THE COURT: And I guess I want to focus here on that as part of this inquiry is that this Court must have — must be satisfied that you understand that your testifying, particularly in light of the fact that it's against the advice of counsel, could result directly in your conviction. The fact that you took the stand directly against the advice of counsel could result in your conviction. And if you had not taken the witness stand, the jury could very well have found you not guilty. Do you understand that as a result of your actions today?
 {¶ 35} "THE DEFENDANT: I understand.
 {¶ 36} "* * *
 {¶ 37} "THE COURT: [T]he Court cannot give you legal advice per say [sic], but the Court wants to tell you that the it [sic] would strongly admonish you to follow the advice of your counsel because he has knowledge and understanding about procedures and trials and all that sort of stuff and that your testifying against his wishes could absolutely and positively impact the outcome of this trial. Do you understand?
 {¶ 38} "THE DEFENDANT: I understand. Yes I do."
 {¶ 39} The trial court had no duty to inform appellant of his rights and consequences of testifying or not testifying. In fact, appellant chose to exercise his right to defend himself despite both his counsel's advice and the court's admonition. We disagree with appellant's assertion that the trial court's dialogue was misleading. Appellant's second assignment of error is overruled.
 {¶ 40} Appellant argues in a supplemental assignment of error that his Sixth and Fourteenth Amendment rights to a jury trial were violated when the trial court imposed a five-year sentence for possession of cocaine to be served consecutive to his parole time from his earlier felony assault conviction. In support of his position, appellant cites the recent United States Supreme Court decision of Blakely v. Washington (2004), 542 U.S. ___, 124 S.Ct. 2531. Both Blakely, 542 U.S. at ___, 124 S.Ct. at 2536, and its forerunner, Apprendi v. New Jersey (2000), 530 U.S. 466, 490,120 S.Ct. 2348, found that "[o]ther than the fact of a prior conviction, any fact that increases a penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (Emphasis added.)
 {¶ 41} However, this court has already determined that Blakely does not apply to Ohio's sentencing scheme. See State v. Berry, Butler App. No. CA2003-02-053, 2004-Ohio-6027. Furthermore, Ohio courts have consistently found that neither Blakely nor Apprendi is implicated by the imposition of consecutive sentences. See State v. Taylor, Lake App. No. 2003-L-165, 2004-Ohio-5939, ¶ 26; State v. Jenkins, Summit App. No. 22008, 2005-Ohio-11, ¶ 21; State v. Madsen, Cuyahoga App. No. 82399,2004-Ohio-4895, ¶ 17; and State v. Wheeler, Washington App. No. 04CA1, 2004-Ohio-6598, ¶ 23. Blakely and Apprendi are distinguishable from the case at bar because the two opinions only address sentencing limitations when a single crime is committed. They do not address the validity or appropriateness of sentences for multiple, separate crimes. Accordingly, appellant's supplemental assignment of error is overruled.
 {¶ 42} Judgment affirmed.
Young, P.J., and Powell, J., concur.