OPINION
{¶ 1} Defendant-appellant, Brandon Mockbee, appeals the sentence imposed by the trial court after he violated a community control sanction that he was under for convictions of breaking and entering and vandalism. We affirm the trial court's sentencing decision.
 {¶ 2} Appellant was indicted on one count of breaking and entering, one count of grand theft and one count of vandalism. The state alleged that appellant used a large rock to break open the front door of Tim's Jewelry Store, smashed a mahogany curio cabinet and glass display cases inside, and stole merchandise. As part of a plea bargain, appellant pled guilty to breaking and entering and vandalism. The grand theft charge was dismissed.
 {¶ 3} On February 2, 2005, the trial court held a sentencing hearing. Appellant expressed a desire to get help with his mental health issues through treatment. The trial court reviewed appellant's record of prior convictions and his failure to comply with previously imposed sanctions. The trial court then stated that it was going to "give [appellant] a chance with the mental health program" and sentenced him to five years of community control. The court cautioned appellant, however, that if he continued the same pattern of his previous behavior and violated the conditions of community control, appellant would be sent to prison for the maximum time, because "this [was his] last chance."
 {¶ 4} On April 21, 2005, appellant's probation officer filed an affidavit alleging that appellant had violated the terms of his community control sanctions in several ways. At a hearing on the violations, appellant admitted that, after being placed on community control, he was arrested and convicted of criminal trespass and criminal damaging in Hamilton County, that he was arrested in London, Kentucky on other charges, that he tested positive for cocaine and that he failed to report to probation and to advise them of a new address. The trial court found that appellant violated the terms of his community control and sentenced him to two consecutive 12-month prison terms.
 {¶ 5} Appellant now appeals the trial court's sentencing decision and raises four assignments of error for our review:
 {¶ 6} Assignment of Error No. 1:
 {¶ 7} "THE TRIAL COURT ERRED IN SENTENCING THE DEFENDANT TO THE MAXIMUM TERM OF 12 MONTHS FOR EACH FIFTH DEGREE FELONY FOR WHICH THE DEFENDANT WAS CONVICTED."
 {¶ 8} Assignment of Error No. 2:
 {¶ 9} "THE TRIAL COURT ERRED IN SENTENCING THE DEFENDANT TO CONSECUTIVE SENTENCES WHEN IT FAILED TO PROVIDE, AS REQUIRED BY R.C. 2929.19(B)(2)(c), THE REASONS FOR EACH AND EVERY FINDING THAT IT MADE PURSUANT TO R.C. 2929.14(E)(4)."
 {¶ 10} Assignment of Error No. 3:
 {¶ 11} "THE TRIAL COURT ERRED IN CONSIDERING A DIFFERENT FELONY OFFENSE FOR WHICH THE DEFENDANT HAD SIMPLY BEEN ARRESTED BUT FOR WHICH HE HAD NOT BEEN CONVICTED OR EVEN INDICTED."
 {¶ 12} Assignment of Error No. 4:
 {¶ 13} "THE TRIAL COURT ERRED IN SENTENCING THE DEFENDANT IN EXCESS OF THE TERM OF IMPRISONMENT TO WHICH IT COULD SENTENCE THE DEFENDANT BASED SOLELY UPON THE FACT OF DEFENDANT'S CONVICTION, BUT INSTEAD, RELIED UPON FACTS NEITHER PROVEN BEYOND A REASONABLE DOUBT NOR ADMITTED BY THE DEFENDANT, IN VIOLATION OF THE HOLDING OF BLAKELY V. WASHINGTON (2004), 542 U.S. 296, 124 S.CT. 2531."
 {¶ 14} In his first assignment of error, appellant argues that the trial court erred in sentencing him to the maximum prison term on each count because the court failed to make the required findings for imposing maximum sentences.
 {¶ 15} A trial court may impose the maximum prison term on an offender only if the trial court finds on the record that the offender "committed the worst [form] of the offense" or that the offender "pose[s] the greatest likelihood of committing future crimes." R.C. 2929.14(C). In addition, R.C. 2929.19(B)(2)(d) requires that a trial court "make a finding that gives its reasons" underlying its decision to impose a maximum sentence.State v. Edmonson, 86 Ohio St.3d 324, 1999-Ohio-110. Moreover, the required findings for imposing a maximum sentence and reasons supporting those findings must be stated on the record at the sentencing hearing. State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165.
 {¶ 16} In this case, the court specifically stated at the original sentencing hearing on February 2, 2005, that it was not making a finding that the offense was more serious than conduct normally constituting the offenses. The court then found that appellant had previously been to prison and was on post-release control for robbery when he committed the offenses. The court also reviewed appellant's criminal history, which between 1994 and 2002, included convictions for trafficking in drugs, assault, violating a temporary protection order, theft, vandalism, breaking and entering, safecracking, and robbery. The court also noted that appellant had 19 traffic convictions and his license had been suspended four different times. The court further noted that appellant had a history of rule violations while in jail and had not previously complied with sanctions imposed for his criminal convictions. The court informed appellant that he was being given a final chance, but if he continued the same pattern and violated community control, he would be sentenced to prison.
 {¶ 17} At the hearing on the violation, the court stated that after being placed on community control and into a program where he was receiving help, appellant almost immediately started reoffending. The court indicated that appellant broke a glass door to enter Loveland Self Storage, failed to contact the probation department regarding this criminal charge, and was convicted of trespassing and criminal damaging. The court further stated that appellant was also arrested in London, Kentucky and reviewed the facts of the arrest.
 {¶ 18} The court then stated "[o]bviously, recidivism is more likely, and he does need mental health treatment and that was the reason why I bent over backwards to try and keep him out of prison, but the community also deserves protection and he is going to reoffend and the treatment that he needs can be best provided at this point in an institutional setting." The court next stated that it was incorporating the findings that it made at the prior sentencing and stated, "[r]ecidivism is, obviously again, much more likely than it was then."
 {¶ 19} While the trial court did not use the exact words of the statute, that appellant "poses the greatest likelihood of committing future crimes," a trial court is not required to state any talismanic language when imposing a sentence. State v.Kuykendall, Clermont App. No. CA2004-12-111, 2005-Ohio-6872, ¶ 24. While the precise language of the statute is preferable, when a court does not use the exact language, it must be clear from the record that the trial court engaged in the appropriate analysis. Id.
 {¶ 20} After reviewing the record of the sentencing hearing in this case, we find that the trial court engaged in the required analysis and made a finding that is equivalent to the statement that appellant has the "greatest likelihood of reoffending."[1] The court discussed appellant's inability to refrain from criminal conduct and how this pattern was repeated with the most recent offenses. The court mentioned this pattern of recidivism several times, that recidivism was even more likely now and stated "[appellant] is going to reoffend." It is clear from these statements that the trial court engaged in the required analysis and concluded that appellant had the greatest likelihood of reoffending. Therefore, we find that the trial court made the findings necessary to impose maximum sentences. Appellant's first assignment of error is overruled.
 {¶ 21} In his second assignment of error, appellant contends that the trial court failed to provide the required reasoning to support the findings it made to impose consecutive sentences.
 {¶ 22} R.C. 2929.14(E)(4) provides that when multiple prison terms are imposed on an offender for convictions of multiple offenses, a court may order the sentences to be served consecutively if it makes three distinct findings: First, the court must determine that "the consecutive service is necessary to protect the public from future crime or to punish the offender." R.C. 2929.14(E)(4). Second, the court must find "that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." Id. Third, the court must find one of the following:
 {¶ 23} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 24} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 25} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 26} The trial court stated at the hearing that consecutive sentences were necessary to protect the public from future crime and to punish appellant. The court further found that consecutive sentences were not disproportionate to the seriousness of appellant's conduct or the danger that he poses to the public. Finally, the court indicated that appellant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by appellant.
 {¶ 27} Appellant argues that while the court made the required findings to impose consecutive sentences, the court failed to sufficiently state reasons to support those findings. In addition to making the three statutory findings to impose consecutive sentences, the sentencing court must also state reasons to support those findings. R.C. 2929.19(B)(2). In Statev. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, the Ohio Supreme Court determined that these findings and the supporting reasons must be stated on the record at the sentencing hearing. Appellant contends that the trial court failed to provide explicit reasons that are "clearly aligned" with the specific finding.
 {¶ 28} We find no merit to appellant's argument that the trial court failed to state sufficient reasons for its findings. This court has previously held that the requirement that a court "clearly align" its reasons with the findings does not require a trial court to state each finding immediately followed by the reasons in support of that finding. State v. Ebbing, Clermont App. No. CA2003-05-041, 2003-Ohio-5877, ¶ 17. Instead, the record must demonstrate that the trial court considered how the statutory factors apply to the facts of the case. Id.
 {¶ 29} In this case, the trial court made the findings to impose consecutive sentences then stated that the two convictions were the result of two separate offenses. The court explained that breaking and entering does not require vandalism and the harm involved was separate for each of the two offenses. The court also explained that appellant's history of criminal conduct demonstrated that the consecutive sentences were necessary to protect the public from future crime by appellant. These reasons supported the findings made by the trial court. Appellant's second assignment of error is overruled.
 {¶ 30} In his third assignment of error, appellant argues that the trial court erred in considering an offense for which he had been arrested, but not indicted or convicted. He contends that the trial court improperly considered the fact that he had been arrested on a felony charge in London, Kentucky because he had not been indicted or convicted on the charges and this consideration violated his fundamental right to a presumption of innocence.
 {¶ 31} First, we note that the Rules of Evidence do not apply in sentencing hearings, and the judge may consider any reliable evidence in the record. Evid.R. 101(C); State v. Cook,83 Ohio St.3d 404, 1998-Ohio-291. Second, "it is well-established that a sentencing court may weigh such factors as arrests for other crimes. As noted by the Second Circuit United States Court of Appeals, the function of the sentencing court is to acquire a thorough grasp of the character and history of the defendant before it. The court's consideration ought to encompass negative as well as favorable data. Few things can be so relevant as other criminal activity of the defendant: `To argue that the presumption of innocence is affronted by considering unproved criminal activity is as implausible as taking the double jeopardy clause to bar reference to past convictions.'" State v. Burton
(1977), 52 Ohio St.2d 21, 23, quoting United States v. Doyle
(C.A.2, 1965), 348 F.2d 715, 721, certiorari denied, (1965),382 U.S. 843, 86 S.Ct. 89; State v. Hinton, Cuyahoga App. No. 84582, 2005-Ohio-3427.
 {¶ 32} Therefore, we find no merit to appellant's argument that the court improperly considered his arrest in London, Kentucky as part of its sentencing decision. Appellant's third assignment of error is overruled.
 {¶ 33} In his final assignment of error, appellant argues that the trial court's decision to sentence him to maximum and consecutive sentences violates the rule expressed by the United States Supreme Court in Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531, because the court used facts other than those admitted to as part of his plea to enhance his sentence beyond the minimum.
 {¶ 34} This court has previously held that the term "statutory maximum" as used in Blakely refers only to the maximum sentence for a single crime, not the maximum aggregate sentence for multiple, separate crimes. State v. Mason, Butler App. No. CA2004-06-164, 2005-Ohio-2918, ¶ 81; State v. Collier,
Butler App. No. CA2003-11-282, 2005-Ohio-944. We have also previously determined that the imposition of maximum sentences does not violate a defendant's constitutional rights pursuant toBlakely. State v. Combs, Butler App. No. CA2000-023-047,2005-Ohio-1923. Therefore, we find no merit to appellant's argument and his fourth assignment of error is overruled.
 {¶ 35} Judgment affirmed.
Powell, P.J., and Bressler, J., concur.
[1] We note that the state conceded in its brief that the required findings were not made, and argued instead that appellant's sentence should be upheld on the doctrine of waiver. We find the state's concession on this point is not supported by the record. Further, we find the waiver doctrine is inapplicable in the present case because, although the trial court asked the prosecutor at the conclusion of the hearing if there was anything the court missed, this same question was not also directed to defense counsel. See State v. Fields, Butler App. No. CA2005-03-067, 2005-Ohio-6270.