OPINION
{¶ 1} Defendant-appellant, Jeffrey Wright, appeals his convictions in the Clermont County Court of Common Pleas for theft from an elderly person and engaging in hearing aid business without a license. We affirm appellant's convictions.
 {¶ 2} On December 3, 2003, appellant visited the home of Anna Cmehil, who was 89 years old. After testing Cmehil's hearing and taking impressions of her ears, the two agreed that Cmehil would purchase from appellant a hearing aid for the price of $1,500. Cmehil wrote a check, payable to appellant, in the amount of $750 as partial payment. Appellant unexpectedly returned to Cmehil's home the following day, and told her that he needed to make a new impression of her ear. Cmehil asked for a discounted purchase price, and appellant agreed to lower the price to $1,125 if Cmehil paid the balance that day. Cmehil agreed and wrote another check to appellant in the amount of $375. Cmehil never received a hearing aid from appellant, despite trying to reach him by telephone on several occasions.
 {¶ 3} On December 12, 2003, appellant visited the home of Walter and Jeanne Engleman, who were 83 and 81 years old respectively. After testing Walter's hearing and taking impressions of his ears, they agreed that the Englemans would purchase from appellant hearing aids for the price of $3,000. Jeanne wrote a check to appellant for $1,000, and appellant promised to deliver the hearing aids in two weeks. Appellant returned to their home the next day, and told Walter that he needed more money for the deposit on the order. Walter gave him an additional $50 in cash. A few days later, Jeanne asked appellant for a refund, completed and sent to appellant a written cancellation of the contract, and called him to tell him she was canceling the contract. The Englemans did not receive the hearing aids or a refund.
 {¶ 4} On December 15, 2003, appellant visited the home of Nellie McQueary, who was 90 years old. After testing McQueary's hearing and taking an impression of her ear, the two agreed that McQueary would purchase from appellant a hearing aid for the price of $1,500. McQueary wrote appellant a check for $100. The next day, McQueary attempted to reach appellant by telephone so that she could cancel the order. However, McQueary never heard from appellant, and did not receive a hearing aid or a refund.
 {¶ 5} On December 23, 2003, appellant visited the home of Leroy Turner, who was 88 years old. After testing Turner's hearing and taking impressions of his ears, the two agreed that Turner would purchase from appellant hearing aids for the price of $4,000. Turner wrote appellant a check for $2,000, but three days later told appellant he wanted to cancel the contract. Appellant agreed to lower the purchase price to $3,000 if Turner paid the balance of the purchase price that day. Turner agreed, and wrote appellant a check for $1,000. On December 29, 2003 appellant returned to Turner's home and asked Turner for an additional $900. Turner eventually wrote appellant a check for $300, and appellant promised Turner that he would supply him with hearing aid batteries and that he would deliver the hearing aids the following day. However, Turner never received the hearing aids or a refund.
 {¶ 6} On January 14, 2004, a grand jury indicted appellant on eight counts of theft from an elderly person in violation of R.C.2913.02(A)(3) and (B)(3) ("Indictment No. 04CR0022"). On May 19, 2004, a grand jury indicted appellant on four counts of engaging in hearing aid business without license in violation of R.C.4747.02 ("Indictment No. 04CR00391"). The parties agreed to consolidate the two cases for purposes of trial. After a bench trial, the trial court found appellant guilty on seven of the eight theft counts in Indictment No. 04CR0022 and all four counts in Indictment No. 04CR00391. The trial court sentenced appellant to 12 months for counts 1, 2, 5, and 7 and 11 months for counts 3, 6, and 8 of Indictment No. 04CR0022, with all sentences to be served consecutively. The court sentenced appellant to 90 days for each count of Indictment No. 04CR00391, with the sentences to be served concurrently with the sentences for the theft offenses. Appellant appeals his convictions and sentence, raising three assignments of error.
 {¶ 7} Assignment of Error No. 1:
 {¶ 8} "The trial court erred to the prejudice of defendant-appellant in failing to dismiss the felony cases against him, on the basis that the state had failed to bring the appellant to trial within speedy trial time limits."
 {¶ 9} Appellant argues that the trial court abused its discretion in failing to dismiss the charges against him, because he was not brought to trial within speedy trial time limits. Appellant maintains that a total of 103 days passed between the time appellant was served with a copy of the indictment and the time his trial began, exceeding requirement that he be tried within 90 days of being served with the indictment.
 {¶ 10} Upon review of a speedy trial issue, an appellate court must calculate the number of days of delay chargeable to either party and determine whether the appellant was properly brought to trial within the time limits set forth in R.C.2945.71. State v. DePue (1994), 96 Ohio App.3d 513, 516. A criminal defendant has a fundamental right to a speedy trial on any criminal charges filed against him. State v. Hughes,86 Ohio St.3d 424, 425, 1999-Ohio-118. According to R.C. 2945.71, the state must bring a felony defendant to trial within 270 days of arrest or within 90 days if the accused is held in jail in lieu of bail on the pending charge. R.C. 2945.71(C) and (E);State v. McDonald (2003), 153 Ohio App.3d 679, ¶ 26. R.C.2945.71(E) provides that, for purposes of computing time under the speedy trial statutes, each day a defendant is held in jail in lieu of bail on the pending charge is counted as three days.
 {¶ 11} However, the existence of a valid holder prevents the application of the triple-count provisions of R.C. 2945.71(E).State v. Brown, 64 Ohio St.3d 476, 479, 1992-Ohio-96. The triple-count provision of R.C. 2945.71(E) applies only where the defendant is held in jail in lieu of bail solely on the pending charge. State v. Kaiser (1976), 56 Ohio St.2d 29, paragraph two of the syllabus. According to the record, appellant was arrested on January 6, 2004, and was served with a holder from the Brown County Sheriff's Office for separate charges the following day. Because the evidence indicates appellant was served with a valid holder, the triple-count provisions of R.C. 2945.71(E) do not apply for purposes of computing time under the speedy trial statutes. Appellant was brought to trial within 270 days after the date of his arrest, and on that basis alone, we overrule appellant's assignment of error. See R.C. 2945.71(C)(2). However, we will continue our analysis to determine the number of days between appellant's arrest and trial, since appellant has raised the issue of his request for discovery and its effect on his speedy trial rights.
 {¶ 12} The time period for bringing a criminal defendant to trial begins to run on the day following the defendant's arrest.State v. Steiner (1991), 71 Ohio App.3d 249, 250-251. Certain events toll the time within which a criminal defendant must be brought to trial. According to R.C. 2945.72(E), a defendant's request for discovery is a tolling event. State v. Brown,98 Ohio St.3d 121, ¶ 26.
 {¶ 13} Appellant argues that certain extenuating circumstances can cause time to run against the state, such as when the state fails to act reasonably in responding to a discovery request. Appellant maintains that because the state did not respond to his discovery request in a "reasonably timely" manner, the time between his demand for discovery and the date the state responded to the request should not be tolled.
 {¶ 14} While a request for discovery is a tolling event, there is an exception when the defendant files a motion to compel discovery after the state fails to timely respond to the request. Crim.R. 16(E)(3); State v. Wamsley (1991), 71 Ohio App.3d 607,611; State v. Benge (Apr. 24, 2000), Butler App. No. CA99-05-095, 4. However, as this court held in Benge, "[u]nless a defendant protects his right to discovery and a speedy trial by seeking to compel discovery, he may not later complain that a discovery delay deprived him of a speedy trial. If the defendant does not seek to compel discovery, he is acquiescing in the state's failure to comply." Benge at 4-5.
 {¶ 15} The record indicates appellant filed a request for discovery on January 20, 2004, the state filed its discovery response on May 17, 2004, and appellant's trial commenced on May 25, 2004. Based on our calculations, 21 days passed between the date of appellant's arrest and the date his trial began, excluding the day of his arrest and the time tolled by his discovery request, which is well within the statutory speedy trial limits. Further, we find that appellant failed to file a motion to compel discovery, and may not now complain that the state's delay in responding to the discovery request deprived him of a speedy trial.
 {¶ 16} Appellant also argues that he was indicted on these charges too soon, and should have been given an opportunity to make restitution to the victims. We disagree, as a statutory crime such as theft is a public wrong, rather than a private wrong. See Breaker v. State (1921), 103 Ohio St. 670, 671. It is the state that is prosecuting the violation of the statute, on its own behalf, and not on behalf of the victim. Id. The crime of theft from an elderly person was complete once appellant deprived the victims of their money by deception. See R.C. 2913.02(A)(3) and (B)(3). Even if appellant made restitution after the completed crime, the state would have still been permitted to prosecute appellant for the violation of the statute. Appellant's first assignment of error is overruled.
 {¶ 17} Assignment of Error No. 2:
 {¶ 18} "The trial court erred to the prejudice of defendant-appellant in the excessive sentence that was ordered."
 {¶ 19} Appellant argues that the trial court erred in imposing nonminimum sentences. Appellant maintains imposing nonminimum sentences pursuant to R.C. 2929.14(B)(2) is unconstitutional and violates the rule set forth in Blakely v.Washington, (2004), 542 U.S. 296, 124 S.Ct. 2531.
 {¶ 20} This court has previously held that the findings a sentencing court makes pursuant to R.C. 2929.14(B) in imposing maximum or nonminimum sentences does not violate Blakely,
because those findings act to limit the sentence the court may impose within the statutory range authorized in R.C. 2929.14(A).State v. Combs, Butler App No. CA2000-03-047, 2005-Ohio-1923, ¶ 58; State v. Farley, Butler App. No. CA2004-04-085, 2005-Ohio-2367, ¶ 43. Appellant's second assignment of error is overruled.
 {¶ 21} Assignment of Error No. 3:
 {¶ 22} "The trial court erred to the prejudice of defendant-appellant in failing to recognize that the state was required to pursue remedies against the appellant in accordance with R.C. 4747.02, et. seq."
 {¶ 23} Appellant argues that the trial court erred in failing to grant his Crim.R. 29 motion for acquittal based on R.C.4747.13. Appellant maintains that the state was required to follow the procedures of R.C. 4747.13 and seek remedies according to R.C. 4747.99 rather than to indict him on criminal theft charges.
 {¶ 24} In addition to being convicted on seven counts of theft from an elderly person, appellant was convicted on four counts engaging in hearing aid business without a license pursuant to R.C. 4747.02. R.C. 4747.02 provides:
 {¶ 25} "No person, firm, partnership, association, or corporation shall, on or after July 1, 1970, engage in the sale, practice of dealing in or fitting of hearing aids, advertise or assume such practice, or engage in training to become a licensed hearing aid dealer or fitter without first being licensed as provided in this chapter."
 {¶ 26} R.C. 4747.99 provides that, "[w]hoever violates [R.C.4747.02] shall be fined not less than one hundred nor more than five hundred dollars or imprisoned not less than ten nor more than ninety days, or both."
 {¶ 27} Appellant argues that before he could be convicted of engaging in hearing aid business without a license in violation of R.C. 4747.02, the state must comply with the statutory requirements of R.C. 4747.13. However, appellant ignores the statutory language of R.C. 4747.13, which provides, in relevant part:
 {¶ 28} "(A) Any person who wishes to make a complaint against any person, firm, partnership, association, or corporationlicensed pursuant to this chapter shall submit such complaint in writing to the hearing aid dealers and fitters licensing board within one year from the date of the action or event upon which the complaint is based. The hearing aid dealers and fitters board shall determine whether the charges in the complaint are of a sufficiently serious nature to warrant a hearing before the board to determine whether the license or permit held by the personcomplained against shall be revoked or suspended." (Emphasis added.)
 {¶ 29} At trial, appellant acknowledged that he was required to have a license to engage in hearing aid business, and admitted that he has not had such a license since January 30, 1996. Because appellant did not possess a valid license pursuant to R.C. Chapter 4747, the state was not required to follow the procedures for a complaint against a licensee outlined in R.C.4747.13. The trial court properly followed the sentencing guidelines provided in R.C. 4747.99 in sentencing appellant for violating R.C. 4747.02.
 {¶ 30} Moreover, the trial court did not err in permitting appellant to be tried both for theft from an elderly person and for engaging in hearing aid business without a license. While R.C. 2941.25 protects against multiple punishments for the same criminal conduct, the statutorily defined elements of the offenses are not of similar import, such that the commission of one of the crimes results in the commission of the other. SeeState v. Rance, 85 Ohio St.3d 632, 1999-Ohio-291; State v.Alvarez, Butler App. No. CA2003-03-067, 2004-Ohio-2483. Accordingly, appellant's third assignment of error is overruled.
 {¶ 31} Judgment affirmed.
Walsh, P.J., and Young, J., concur.