OPINION
{¶ 1} Defendant-appellant, Scott Layne Borders, appeals his sentence in the Clermont County Court of Common Pleas for sexual battery and the court's determination under R.C. 2950.09(B) that he is a sexual predator.
 {¶ 2} In 2004, appellant was indicted on eight counts of sexual battery in violation of R.C. 2907.03(A)(5), a third-degree felony. The charges stemmed from a course of conduct between 2001 and 2004 during which appellant engaged in sexual intercourse with his two minor stepdaughters (born in 1986 and 1988). Pursuant to a plea bargain agreement, appellant pled guilty to the first four counts of the indictment, and the state dismissed the remaining four counts.
 {¶ 3} On October 28, 2004, following a sexual predator and sentencing hearing, the common pleas court found appellant to be a sexual predator, and sentenced him to five years in prison on Counts 1, 2, and 4, and to three years in prison on Count 3. The common pleas court ordered that Counts 1, 2, and 3 be served consecutively to one another and that Count 4 be served concur-rently to the other three counts, for a total prison term of 13 years. The common pleas court also ordered appellant to pay $78,000 in restitution "for future psychological counseling expenses." This appeal follows.
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO THE MAXIMUM PRISON TERMS OF FIVE YEARS ON COUNTS I, II, AND IV."
 {¶ 6} Appellant argues that the common pleas court's decision sentencing him to a maximum prison term on Counts 1, 2, and 4 violates his Sixth Amendment right to a jury trial under Blakely v. Washington
(2004), 542 U.S. ___, 124 S.Ct. 2531. This court has previously held that the findings a sentencing court makes pursuant to R.C. 2929.14(B) in imposing maximum or nonminimum sentences does not violate Blakely because those findings act to limit the sentence the court may impose within the statutory range authorized in R.C. 2929.14(A). State v. Combs, Butler App. No. CA2000-03-047, 2005-Ohio-1923, ¶ 58; State v. Wright, Clermont App. No. 2004-08-061, 2005-Ohio-3907, ¶ 20. Appellant's first assignment of error is overruled.
 {¶ 7} Assignment of Error No. 2:
 {¶ 8} "THE TRIAL COURT ERRED WHEN IT SENTENCED APPELLANT TO SERVE CONSECUTIVE SENTENCES."
 {¶ 9} Appellant first argues that while the common pleas court made the required statutory findings under R.C. 2929.14-(E)(4) at the sentencing hearing before imposing consecutive sentences, it failed to adequately set forth its supporting reasons and/or align them with each statutory finding, in violation of State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165.
 {¶ 10} In imposing consecutive sentences, the sentencing court must make the statutorily enumerated findings in R.C. 2929.14(E)(4) and give reasons supporting those findings at the sentencing hearing. Id. at paragraph one of the syllabus. We have previously held that the sentencing court is not required to recite the exact words of the statute, nor is the court required to align its reasoning with the specific statutory findings. State v. Ebbing, Clermont App. No. CA2003-05-041, 2003-Ohio-5877, ¶ 12, 17. However, the record must clearly indicate that the sentencing court considered how the statutory factors apply to the facts of the case. Id. at ¶ 17.
 {¶ 11} Before sentencing appellant to consecutive sentences, the common pleas court noted appellant's extensive criminal history, his undeterred belief that in sexually abusing the victims, he was simply responding, as any man would, to the victims' teasing and provocative outfits, his parental relation as the victims' stepfather which facilitated the offenses, the fact he was under community control when he committed the offenses, and his total lack of remorse. Then, upon making the required statutory findings for imposing maximum and consecutives sentences, the court sentenced appellant to maximum and consecutive sentences.
 {¶ 12} Upon reviewing the record, we find that the common pleas court sufficiently stated its reasons for imposing consecutive sentences. We further find that while it did not clearly align its reasons with the specific statutorily enumerated findings under R.C. 2929.14(E)(4), it is clear from the court's discussion during the sentencing hearing that it considered how the statutory factors apply to the facts of this case. The common pleas court, therefore, did not err by imposing consecutive sentences.
 {¶ 13} Appellant also argues that his right to a jury trial was violated under Blakely when the common pleas court imposed consecutive sentences based upon findings not made by a jury. In support of his argument, appellant solely relies on the Eighth Appellate District's decision in State v. Moore, Cuyahoga
 {¶ 14} In Moore, the appellate court held that under Blakely, the trial court "could impose consecutive sentences only by making judicial findings beyond those either determined by a jury or stipulated to by the defendant." Id. at ¶ 19. Because Moore had not stipulated to the R.C.2929.14(E)(4) findings or "otherwise waive[d] his constitutional right to have these facts determined by a jury[,]" the appellate court vacated Moore's consecutive sentences. Id.
 {¶ 15} Appellant's reliance on Moore is misplaced. First, this court has recently held that Blakely does not limit a sentencing court's decision to impose consecutive sentences. State v. Collier, Butler App. No. CA2003-11-282, 2005-Ohio-944, ¶ 41; State v. Mason, Butler App. No. CA2004-06-164, 2005-Ohio-2918, ¶ 81. Second, following Moore, the Eighth Appellate District held that "the findings required under R.C. 2929.14(E)(4) * * * for imposing consecutive sentences do not violate an offender's Sixth Amendment right to a trial by jury as construed in Blakely." Statev. Lett, 161 Ohio App.3d 274, 2005-Ohio-2665, ¶ 47.
 {¶ 16} Accordingly, appellant's right to jury trial pursuant toBlakely was not violated when the common pleas court, and not a jury, made the findings necessary for imposing consecutive sentences. Appellant's second assignment of error is overruled.
 {¶ 17} Assignment of Error No. 3:
 {¶ 18} "THE TRIAL COURT ERRED IN FINDING APPELLANT TO BE A SEXUAL PREDATOR."
 {¶ 19} Appellant argues that the common pleas court erred by finding he is a sexual predator because there is no clear and convincing evidence that he is likely to engage in the future in one or more sexually oriented offenses. In support of his argument, appellant emphasizes his lack of a prior criminal record regarding sexual offenses.
 {¶ 20} R.C. 2950.01(E)(1) defines a sexual predator as a person who "has been convicted of or pleaded guilty to committing a sexually oriented offense * * * and is likely to engage in the future in one or more sexually oriented offenses." In order to determine whether an offender is a sexual predator, the sentencing court must conduct a hearing. R.C. 2950.09(B)(1). After reviewing the testimony and evidence presented at the hearing, the court determines whether the offender is a sexual predator by clear and convincing evidence. R.C. 2950.09(B)(3), (4).
 {¶ 21} In making his determination, the court must consider "all relevant factors," including the following from a list of ten factors set forth in R.C. 2950.09(B)(1)(a)-(j):
 {¶ 22} "(a) The offender's age;
 {¶ 23} "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 24} "(c) The age of the victim;
 {¶ 25} "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 {¶ 26} "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 27} "j) Any additional behavioral characteristics that contribute to the offender's conduct."
 {¶ 28} While this was appellant's first conviction for a sexually oriented offense, there was ample evidence at the sexual predator hearing to support the common pleas court's determination that appellant is a sexual predator. During the hearing, the court noted appellant's age (46 years old), his prior criminal record which included three prison sentences, the age of the victims, the great disparity in age between appellant and the victims, the fact that there were multiple victims, appellant's parental role as the victims' stepfather which facilitated the commission of the offenses, and appellant's abuse of drugs and alcohol.
 {¶ 29} The common pleas court also stated that "while describing your own behavior you consistently cast your interactions with both [victims] as romances. You place the majority of fault upon the victims * * * insisting that they seduced you and wanted to have these relationships with you. The doctor indicates that while discussing this with you[,] you often noted that you knew what you were doing was wrong and that you should not have sex with these children * * *. However, in your discussions with the doctor, you never wavered from your position that you simply lacked the willpower to resist the advances. * * * [T]hat's also reflected in your statement to the probation officer * * * that you blamed [one of the victims] because she teased you by her actions and dress. And that you did what any other male would do. * * * I think that's a factor which tends the Court to find that you are more likely to commit a future offense. * * * You continue in your discussions with the doctor to strongly and consistently maintain the position that your activities with these girls were part of a loving romance. * * *"
 {¶ 30} The court further noted that "[y]ou do not learn from your mistakes. That's reflected in your history, and in your criminal history as well. * * * I think the doctor concludes, I don't agree with his * * * general conclusion * * * that you are at low risk to reoffend. I think you do, as he points out in the last page of his report, pose a somewhat higher risk to reoffend if you are in situations similar to the one that you were in which * * * resulted in this particular offense. For example, the doctor cites, if you are to live next door to or work closely at a job with teenage girls who are emotionally vulnerable, and you're not supervised, these behaviors could easily reoccur. And I think that's likely to occur. The Court does believe under the circumstances in considering all those factors that there is clear and convincing evidence that upon release [appellant] is likely to commit another sexually oriented offense."
 {¶ 31} In light of the foregoing, we find that the common pleas court's determination that appellant is likely to engage in the future in sexually oriented offenses and that, as a result, he is a sexual predator is supported by clear and convincing evidence. Appellant's third assignment of error is overruled.
 {¶ 32} Assignment of Error No. 4:
 {¶ 33} "THE TRIAL COURT ERRED IN ORDERING APPELLANT TO PAY RESTITUTION."
 {¶ 34} Appellant argues that the common pleas court erred by ordering him to pay $78,000 in restitution to the victims because the restitution order was not based upon the victims' actual economic loss.
 {¶ 35} R.C. 2929.18(A) allows a sentencing court, as part of a sentence, to impose "restitution by the offender to the victim of the offender's crime * * * in an amount based on the victim's economic loss." R.C. 2929.01(M) defines "economic loss" as "any economic detriment suffered by the victim as a result of the commission of a felony and includes any * * * medical cost * * * incurred as a result of the commission of the felony."
 {¶ 36} Before ordering restitution, however, a sentencing court must engage in a "due process ascertainment that the amount of restitution bears a reasonable relationship to the loss suffered." State v. Marbury
(1995), 104 Ohio App.3d 179, 181. "The amount of restitution must be supported by competent, credible evidence from which the court can discern the amount of restitution to a reasonable degree of certainty."State v. Gears (1999), 135 Ohio App.3d 297, 300. The trial court does not need to conduct a hearing to ascertain the reasonableness of the restitution if there is enough evidence in the record to substantiate the relationship of the offender's criminal conduct with the amount of the victim's loss. State v. Brumback (1996), 109 Ohio App.3d 65, 83.
 {¶ 37} Upon reviewing the record, we find that the restitution order is not supported by competent, credible evidence. We further find that the common pleas court failed to follow any of the procedures necessary to determine that the restitution order bore a reasonable relationship to the victims' loss. Here, the common pleas court ordered restitution solely based upon a "restitution request for future psychological counseling expenses." Such request is not in the record before us on appeal. Further, in ordering restitution, the court only stated that it was "satisfied by a preponderance of the evidence that those sums at $100 per week for these young ladies will accumulate to somewhere around $78,000. And I'm going to order half of that amount to each."
 {¶ 38} Although it appears from the court's foregoing statements that the victims' restitution request references those counseling expenses, the restitution order was not verified as reasonable or necessary through any evidence or testimony. There is no evidence in the record before us to support the common pleas court's determination that it will cost $100 per week for the victims to get counseling, or to prove that the order is reasonably related to the victims' loss. See State v. Williams (1986),34 Ohio App.3d 33; and State v. Hansen (Mar. 22, 1990), Cuyahoga App. No. 56778 (where evidence of actual losses is not presented by the victim and the court does not hold a hearing to determine with reasonable certainty the amount of actual loss, the court abuses its discretion in ordering restitution). See, also, State v. Johnson, Auglaize App. No. 2-98-39, 1999-Ohio-825.
 {¶ 39} We therefore hold that the common pleas court erred by ordering appellant to pay $78,000 in restitution to the victims without following one of the procedures outlined above. Appellant's fourth assignment of error is well-taken and sustained.
 {¶ 40} Judgment affirmed in part and reversed in part, and this cause is remanded to the trial court for further proceedings as to the propriety of restitution according to law and consistent with this opinion.
Powell, P.J., and Bressler, J., concur.