OPINION
{¶ 1} Defendant-appellant, James N. Habermehl, appeals his prison sentence imposed by the Clermont County Court of Common Pleas. We affirm the trial court's judgment for the reasons outlined below.
 {¶ 2} Appellant, who had not previously served a prison term, was sentenced by the trial court in 2005 for convictions on three offenses.[1] The trial court imposed three prison sentences for the three offenses, and ordered all three sentences to run consecutively. Appellant now appeals, presenting two assignments of error for review.
 {¶ 3} Assignment of Error No. 1:
 {¶ 4} "THE TRIAL COURT ERRED IN NOT SENTENCING APPELLANT TO THE SHORTEST PRISON TERM."
 {¶ 5} R.C. 2929.14(B) provides that if the court imposing a sentence upon an offender elects or is required to impose a prison term, the court must impose the shortest term authorized by statute unless, as pertinent here, the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender.
 {¶ 6} Appellant acknowledges that the trial court made the required findings under R.C. 2929.14(B), but argues that the record does not support the trial court's findings.
 {¶ 7} We disagree with appellant's assertions. A review of the record indicates that the trial court took into consideration appellant's extensive criminal history and his substance abuse issues. The trial court noted that appellant's history showed that appellant would likely commit additional offenses while other criminal charges were pending or while appellant was on probation. The trial court stated that appellant had not responded favorably to previous criminal sanctions and was not successful with prior drug treatment.
 {¶ 8} Accordingly, we find that the record supports that trial court's imposition of more than the minimum prison term. See R.C. 2929.14; R.C. 2929.11; R.C. 2929.12;
 {¶ 9} Appellant also argues under his first assignment of error that his nonminimum sentence violated the principles set forth in Blakely v. Washington (2004), 542 U.S. 296,24 S.Ct. 2531, when a jury did not decide the factors to "enhance his sentence" beyond the minimum term.
 {¶ 10} While we acknowledge appellant's assertion of the differing opinion of the first appellate district, this court has considered the issue of Blakely and the imposition of nonminimum sentences and finds no constitutional violation. SeeState v. Farley, Butler App. No. CA2004-04-085, 2005-Ohio-2367, ¶ 41-43; State v. Wright, Clermont App. No. CA2004-08-061,2005-Ohio-3907, ¶ 20; State v. Copeland, Butler App. No. CA2003-123-20, 2005-Ohio-5899, ¶ 114.
 {¶ 11} Accordingly, appellant's first assignment of error is overruled.
 {¶ 12} Assignment of Error No. 2:
 {¶ 13} "THE TRIAL COURT ERRED WHEN IT SENTENCED APPELLANT TO SERVE CONSECUTIVE SENTENCES."
 {¶ 14} Under this assignment of error, appellant argues that the trial court failed to give reasons for imposing consecutive terms and failed to align those reasons with the statutorily required findings.[2]
 {¶ 15} A review of the record reveals that the trial court provided reasons, but more importantly, we find that appellant waived this claimed error because he did not raise it below. This court has said that the failure to bring purported sentencing errors to the trial court's attention at the sentencing hearing denies the trial court the opportunity to remedy any error, and results in a failure to preserve the issue for appeal. State v.Fields, Butler App. No. CA2005-03-067, 2005-Ohio-6270, ¶ 14-26, 31.
 {¶ 16} The transcript of the sentencing hearing reveals that after the trial court informed appellant of his sentence, the trial court asked, "Anything I may have missed [prosecutor]?" The record shows that after the prosecutor answered in the negative, appellant's attorney stated that his "only concern" was the record may not accurately reflect appellant's credit for time served. The trial court addressed those concerns, informed appellant of his appeal rights, and asked both counsel again if there was anything else. Both counsel replied in the negative.
 {¶ 17} The Fields court further found that the failure to make findings and state reasons in compliance with State v.Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, after the Comer
decision was released is plain error; however, such an error was found not to affect substantial rights. Fields, at ¶ 24; see, also, Crim.R. 52(A) and (B) (errors not affecting substantial rights shall be disregarded, and errors affecting substantial rights may be noticed although not brought to trial court's attention).
 {¶ 18} Therefore, appellant's challenge regarding the required reasons to impose consecutive sentences is waived for purposes of appeal because appellant failed to object at the sentencing hearing, despite being given at least two opportunities by the trial court to call the alleged error to its attention. See Fields, at ¶ 31.
 {¶ 19} Appellant's second argument under this assignment of error relies again on the principles of Blakely v. Washington
to challenge the imposition of consecutive sentences. This court has previously held that Blakely does not limit a sentencing court's decision to impose consecutive sentences under Ohio's sentencing scheme. State v. Collier, Butler App. No. CA2003-11-282, 2005-Ohio-944, ¶ 41; State v. Mason, Butler App. No. CA2004-06-164, 2005-Ohio-2918, ¶ 81-82; State v. Borders,
Clermont App. No. CA2004-12-101, 2005-Ohio-4339, ¶ 15-16; see, also, State v. Lett, 161 Ohio App.3d 274, 2005-Ohio-2665, ¶ 47
(Eighth appellate district held that statutory findings required to impose consecutive sentences do not violate constitutional rights as construed in Blakely).
 {¶ 20} Accordingly, we find that the trial court did not err in the imposition of appellant's sentence. Appellant's second assignment of error is overruled.
 {¶ 21} Judgment affirmed.
Walsh and Bressler, JJ., concur.
[1] Appellant's assertion appears uncontested that he pled guilty to unauthorized use of a motor vehicle, possession of heroin, and failure to appear.
[2] Sentencing court must also state reasons at the sentencing hearing to support the statutory findings to impose consecutive sentences. R.C. 2929.19; State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165.