OPINION
{¶ 1} In 2001, defendant-appellant, Bruce A. King, pled guilty to a second-degree felony charge of aggravated arson and a third-degree felony charge of burglary. He was sentenced to maximum prison terms on both charges with the terms to be served consecutively. Appellant's convictions and sentence were affirmed on direct appeal. See State v. King, Clermont App. No. CA2002-02-011, 2002-Ohio-5998.
 {¶ 2} Over two and one-half years later, appellant filed a "Motion to Vacate and Recostruct [sic] Sentence pursuant toBlakely v. Washington, 124 S.Ct. 2531." The trial court construed appellant's motion as a petition for postconviction relief and determined that it was not timely filed under R.C.2953.21(A)(2). The trial court also concluded that since theBlakely ruling was inapplicable to Ohio's sentencing statutes, appellant's petition did not meet the exception of R.C.2953.23(A)(1)(a) allowing for late filings where the United States Supreme Court recognizes a new federal or state right that applies retroactively to the petitioner's situation.
 {¶ 3} Appellant's sole assignment of error claims the trial court erred in refusing to apply the Blakely ruling to appellant's case.
 {¶ 4} Appellant does not challenge the trial court's determination that his motion should be treated as a petition for postconviction relief. See State v. Reynolds,79 Ohio St.3d 158, 1997-Ohio-304. Thus, the trial court correctly determined that appellant's petition was barred under R.C. 2953.21(A)(2) since it was not filed within 180 days after the transcript of proceedings was filed in appellant's direct appeal.
 {¶ 5} Appellant's petition could only be considered if based upon a newly recognized federal or state right that applies retroactively to appellant's case.
 {¶ 6} Appellant asserts that the Supreme Court's ruling inBlakely recognizes such a right that would permit an untimely postconviction relief petition. However, this court has held thatBlakely does not apply to Ohio's sentencing scheme and the imposition of more than the minimum prison sentence does not violate an individual's constitutional right to a trial by jury.State v. Borders, Clermont App. No. CA2004-12-101,2005-Ohio-4339, ¶ 6. The same holds true where an Ohio trial court imposes consecutive sentences. Id. at ¶ 16.
 {¶ 7} We agree that Blakely does not represent the recognition of a new federal or state right that applies retroactively to appellant. State v. Cruse, Franklin App. Nos. 05AP-125, 127, 2005-Ohio-5095, ¶ 19. Thus, appellant has not demonstrated that his petition for postconviction relief should be entertained, despite its untimeliness, pursuant to the exception found in R.C. 2953.23(A)(1). Because he has not done so, the trial court was without jurisdiction to entertain his untimely petition for postconviction relief. Id. See, also,State v. Raines, Franklin App. No. 03AP-1076, 2004-Ohio-2524. Therefore, the trial court did not err in dismissing appellant's petition as untimely.
 {¶ 8} For these reasons, we find no merit to appellant's argument and overrule his sole assignment of error.
 {¶ 9} Judgment affirmed.
Powell, P.J., and Bressler, J., concur.