OPINION
{¶ 1} Defendant-appellant, James Daniel Moore, appeals the order of the Butler County Court of Common Pleas that he pay $50,000 in restitution in connection with damages sustained during his theft of copper.
 {¶ 2} Appellant was charged with breaking and entering and vandalism after he was found in a vacant commercial building in Middletown, Ohio with a duffle bag containing copper tubing and wiring that had been removed from the building. Appellant pled guilty to *Page 2 
breaking and entering, a fifth-degree felony, and to the amended charge of attempted vandalism, a first-degree misdemeanor. A restitution hearing was held and the trial court ordered $50,000 in restitution be paid.
 {¶ 3} Appellant now appeals the restitution order, setting forth a single assignment of error.
 {¶ 4} Assignment of Error:
 {¶ 5} "THE TRIAL COURT ERRED IN AWARDING RESTITUTION IN THE AMOUNT OF $50,000 FOR DAMAGES NOT DIRECTLY RELATED TO THE CHARGES AGAINST MOORE."
 {¶ 6} Appellant argues the restitution "far exceeds" and "bears no actual relation to the damages occasioned" by his actions. Appellant asserts that he did not cause most of the damage found in the building from the removal of copper. Appellant did not testify at the restitution hearing, but reportedly told police that someone else was inside removing copper before he entered the building. Appellant further argues that even if restitution could be tied to his conviction, the amount cannot exceed $5,000 because he was originally charged with the fifth-degree felony offense of vandalism and the fifth-degree level of that offense involves harm to property of more than $500 but less than $5,000.
 {¶ 7} The felony sentencing statute R.C. 2929.18 states that financial sanctions may be imposed and they include, but are not limited to, restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss.
 {¶ 8} "Economic loss" means any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense and includes any loss of income due to lost time at work because of any injury caused to the victim, and any property loss, medical cost, or funeral expense incurred as a result of the commission of the offense. *Page 3 
R.C. 2929.01(M). "Economic loss" does not include noneconomic loss or any punitive or exemplary damages. Id.
 {¶ 9} "If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense." R.C. 2929.18(A)(1). "If the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount." Id.
 {¶ 10} The state must prove the amount of this economic loss with competent, credible evidence from which the trial court can calculate the amount of restitution within a reasonable degree of certainty.State v. Borders, Clermont App. No. CA2004-12-101, 2005-Ohio-4339, ¶ 36.
 {¶ 11} The breaking and entering offense under R.C. 2911.13(A) states that no person by force or stealth shall trespass in an unoccupied structure, with purpose to commit therein any theft offense or any felony. The attempted vandalism charge in the case at bar involves purposely or knowingly engaging in conduct that if successful would constitute or result in knowingly causing serious physical harm to property owned or possessed by another when the property is used by its owner or possessor in the owner's profession, business, trade, or occupation and the value of the property or the amount of physical harm involved is $500 or more. R.C. 2923.02; R.C. 2909.05(B)(1)(a).[1] *Page 4 
 {¶ 12} There was testimony at the restitution hearing that police patrolling the vicinity observed evidence of a forced entrance into the building. Appellant was subsequently discovered inside when the building owner's employee responded to the scene. A large, "heavy" duffle bag containing pieces of copper was located in the area of the building where appellant was found, along with a hacksaw, razor knife, hammer and a flashlight.
 {¶ 13} At the conclusion of the restitution hearing, the trial court made a finding based upon the evidence that it would cost in excess of $125,000 to repair the "AC units" in the building [where some of the copper was removed]. Noting that the owner had a $50,000 insurance deductible, the trial court ordered $50,000 in restitution.
 {¶ 14} After reviewing the record provided, we disagree with appellant's argument that the restitution was not related to the offenses for which he was convicted. Although the state emphasized the vandalism charge in this case, appellant was charged and convicted of the offense of breaking and entering for the purpose to commit vandalism and theft. The evidence clearly indicates that theft was the controlling factor as appellant trespassed in the building to commit the theft of copper and the property was damaged while appellant was obtaining this copper.
 {¶ 15} The statutes dealing with felony sentencing orders of restitution justify the restitution award under the breaking and entering charge as there was competent, credible evidence of the victim's economic loss caused as a direct and proximate result of appellant's trespass into the building for the purpose of removing and stealing copper. Given our finding related to the breaking and entering charge, appellant's second argument in relation to the value of the property or amount of physical harm for the attempted vandalism offense is also not well taken, and his single assignment of error is overruled.
 {¶ 16} Judgment is affirmed as modified. The judgment entry of conviction is modified for the attempted vandalism charge to reflect a conviction under R.C. 2909.05(B)(1)(a) rather *Page 5 
than R.C. 2909.05(B)(1)(b).
BRESSLER and POWELL, JJ., concur.
[1] The judgment of conviction entry, apparently due to a typographical error, mistakenly states that appellant pled guilty to the amended offense of attempted vandalism under R.C. 2909.05(B)(1)(b), when the plea of guilty form and transcript of the plea hearing indicates that appellant pled guilty to attempted vandalism under R.C. 2909.05(B)(1)(a). We will, therefore, amend the judgment of conviction entry to reflect the correct subsection. *Page 1