[Cite as *State v. Roberts*, 2014-Ohio-115.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 99755**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## LATONYA ROBERTS

DEFENDANT-APPELLANT

---

### JUDGMENT:
REVERSED AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-565707

**BEFORE:** Celebrezze, J., Stewart, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** January 16, 2014

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender
BY:    John T. Martin
Assistant Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Joseph J. Ricotta
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., J.:

{¶1} Defendant-appellant, Latonya Roberts, appeals the judgment of the common pleas court ordering her to pay an indefinite amount of restitution to the victim of her criminal act. For the following reasons, we reverse and remand the matter for further proceedings consistent with this opinion.

{¶2} This is an appeal from a restitution order imposed as part of a sentence for aggravated vehicular assault in violation of R.C. 2903.08(A)(2)(b) in which the victim suffered serious physical harm. At the time of sentencing, the trial court had been given no evidence of the precise amount of damages suffered by the victim. Nevertheless, the trial court ordered restitution in an indefinite amount for payment of the victim's medical bills.[1]

{¶3} Appellant now brings this timely appeal, challenging the trial court's restitution order.

## Law and Analysis

{¶4} For the purposes of judicial clarity, we consider appellant's first and second assignments of error together. In her first assignment of error, appellant argues that the trial court erred when it ordered restitution in an indefinite amount that would be determined in the future. In her second assignment of error, appellant argues that the

---

[1] The trial court placed appellant under community control sanctions for a period of five years.

trial court erred in failing to hold an adequate restitution hearing when the amount of restitution was never established.

**{¶5}** On appeal, we review a lower court's order of restitution for an abuse of discretion. *State v. Marbury*, 104 Ohio App.3d 179, 661 N.E.2d 271 (8th Dist.1995); *see also State v. Berman*, 8th Dist. Cuyahoga No. 79542, 2002-Ohio-1277. An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary, or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 404 N.E.2d 144 (1980). However, appellant did not object at her sentencing hearing to the order of restitution. Thus, she waived all but plain error. *State v. Jarrett*, 8th Dist. Cuyahoga No. 90404, 2008-Ohio-4868, ¶ 13, citing *Marbury*.

**{¶6}** Crim.R. 52(B) provides that "plain error or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." However, in order to prevail under a plain error analysis, the appellant bears the burden of demonstrating that the outcome of the proceedings clearly would have been different but for the error. *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph two of the syllabus.

**{¶7}** R.C. 2929.18(A) allows a sentencing court, as part of a sentence, to impose "restitution by the offender to the victim of the offender's crime * * * in an amount based on the victim's economic loss." R.C. 2929.01(L) defines "economic loss" as "any economic detriment suffered by the victim as a result of the commission of a felony and

includes any * * * medical cost * * * incurred as a result of the commission of the felony."

{¶8} Prior to ordering restitution, however, a sentencing court must engage in a "due process ascertainment that the amount of restitution bears a reasonable relationship to the loss suffered." *State v. Borders*, 12th Dist. Clermont No. CA2004-12-101, 2005-Ohio-4339, quoting *Marbury*, 104 Ohio App.3d 179, 661 N.E.2d 271. "The amount of restitution must be supported by competent, credible evidence from which the court can discern the amount of restitution to a reasonable degree of certainty." *State v. Gears*, 135 Ohio App.3d 297, 300, 733 N.E.2d 683 (6th Dist.1999). "When an award of restitution is not supported by such evidence, it is an abuse of discretion by the court that alters the outcome of the proceeding, thus constituting plain error." *State v. Peck*, 6th Dist. Sandusky No. S-12-046, 2013-Ohio-4835, ¶ 19.

{¶9} In the instant case, the trial court ordered appellant to pay restitution to the victim to cover the costs of medical bills. Appellant argues, however, and the state concedes, that no competent or credible evidence was submitted from which the court could discern the specific amount of restitution to a reasonable degree of certainty.

{¶10} The trial court does not need to conduct a hearing to ascertain the reasonableness of the restitution if there is enough evidence in the record to substantiate the relationship of the offender's criminal conduct with the amount of the victim's loss. *State v. Brumback*, 109 Ohio App.3d 65, 83, 671 N.E.2d 1064 (9th Dist.1996). In the instant case, there is no dispute that the victim suffered severe injuries that required

extensive medical treatment.  However, the record is devoid of any evidence regarding the value of the economic loss suffered.[2]

{¶11} Accordingly, we find that the trial court committed plain error in ordering an indefinite amount of restitution without documentation or testimony evidencing the actual economic loss suffered by the victim.

{¶12} Appellant's first and second assignments of error are sustained.

{¶13} Based on the foregoing, the trial court's order of restitution is reversed, and the matter is remanded for an evidentiary hearing on the issue of restitution.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

MELODY J. STEWART, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR

---

[2]At the sentencing hearing, the trial court acknowledged that the victim had not submitted documentation of her medical bills.