[Cite as *State v. Nickens*, 2017-Ohio-1448.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
## No. 104670

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ANGELA MARIE NICKENS

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-601354-A

**BEFORE:** S. Gallagher, J., Keough, A.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** April 20, 2017

**ATTORNEY FOR APPELLANT**

Ruth R. Fischbein-Cohen
3552 Severn Road, #613
Cleveland, Ohio   44118


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By:   Fallon Radigan
Assistant Prosecuting Attorney
Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

SEAN C. GALLAGHER, J.:

**{¶1}** Angela Marie Nickens appeals her theft conviction, a fifth-degree felony offense, and her one-year term of community control sanctions that also involved a jail term — imposed to be served on the weekends for 52 weeks. We affirm.

**{¶2}** Nickens worked for Walmart as a cashier. Through video surveillance, she was caught stealing $1,640 from her register. Walmart representatives verified the amount stolen and that Nickens admitted to the theft and the amount during Walmart's internal investigation. The jury found Nickens guilty of theft of between $1,000 and $7,500. Nickens is only appealing the sentence, not the finding of guilt. Nickens believes that (1) the imposition of jail time, with the opportunity for early release if all restitution and fines are paid, violated her constitutional rights; (2) the imposition of restitution was contrary to law because it is "inconceivable" that a company like Walmart lacked insurance; and (3) trial counsel's failure to request a hearing to challenge the amount of the economic loss for the purposes of determining restitution constitutes ineffective assistance of counsel.

**{¶3}** With respect to the imposition of jail time, Nickens claims she is indigent and, therefore, serving a jail term violates her constitutional rights because the trial court offered the opportunity for early release upon satisfaction of the fine and restitution. Nickens has not provided any citations to authority in support of her argument. App.R. 16(A)(7). Offering Nickens the opportunity for early release for paying off the restitution and fines is irrelevant to the trial court's authority to impose a term of

residential sanctions. At best, the early release offered in this case is better characterized as an act of judicial leniency, not the imposition of a punishment based upon an individual's indigence. Further, a trial court is authorized to impose a term of jail, up to six months, upon an offender as part of community control sanctions and Nickens is not contesting the manner in which the sentence was to be served. R.C. 2929.16(B) (offenders sentenced to residential sanctions may be released for the purposes of maintaining employment but only for the duration of time necessary to fulfilling the purpose of the release).

{¶4} Next Nickens claims that the trial court was required to hold a hearing before imposing restitution. Before restitution can be imposed, the court must determine the amount of restitution that bears a reasonable relationship to the loss suffered. *State v. Roberts*, 8th Dist. Cuyahoga No. 99755, 2014-Ohio-115, ¶ 8, citing *State v. Borders*, 12th Dist. Clermont No. CA2004-12-101, 2005-Ohio-4339. That amount must be supported by "'competent, credible evidence from which the court can discern the amount of restitution to a reasonable degree of certainty.'" *Id.*, quoting *State v. Gears*, 135 Ohio App.3d 297, 300, 733 N.E.2d 683 (6th Dist.1999). Nickens never objected to the amount of restitution. In light of the failure to object to the amount of restitution, we are limited to reviewing for plain error.

{¶5} Under Crim.R. 52(B), "plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." "Plain error exists only if 'but for the error, the outcome of the trial clearly would have been

otherwise,' and is applied 'under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" *State v. Harrison*, 122 Ohio St.3d 512, 2009-Ohio-3547, 912 N.E.2d 1106, ¶ 61, quoting *State v. Long*, 53 Ohio St.2d 91, 97, 372 N.E.2d 804 (1978). In the absence of facts demonstrating plain error, the trial court's decision must be affirmed. *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 22.

{¶6} In this case, representatives from Walmart testified that Nickens stole $1,640, and therefore, there is competent, credible evidence demonstrating the amount of restitution. Nickens believes, however, that "it is inconceivable that a store, such as Walmart, would not be covered by insurance to protect its economic losses." In reliance on *State v. Mobley-Melbar*, 8th Dist. Cuyahoga No. 92314, 2010-Ohio-3177, ¶ 41, Nickens claims it was per se error for the court not to inquire into whether Walmart's economic losses were covered by insurance. *Mobley-Melbar* is no longer a valid application of plain error review. *Id.* at ¶ 37. In that case, the panel was concerned about medical bills being the basis for restitution because the trial court "made no indication that he considered, or that the packet contained, information related to the amount of victim's medical expenses that were paid by [the victim's] insurance carrier." *Id.* at ¶ 40. In essence, *Mobley-Melbar* set forth a bright-line rule that a trial court must inquire into whether a victim has insurance before imposing restitution, otherwise plain error occurred.

**{¶7}** The Ohio Supreme Court rejected this so-called "hybrid type of plain error" that recognizes a presumptively prejudicial error when a trial court fails to inquire into an issue that could affect the authority to impose a sentence. In *Rogers,* that involved the prohibition against imposing multiple sentences for allied offenses — the trial court had failed to consider whether the offenses were allied before imposing individual sentences. The Ohio Supreme Court held that absent a demonstration in the record that the offenses are allied, no plain error occurred in the trial court's failure to inquire into the nature of the offenses. *See generally id.*

**{¶8}** As it relates to restitution, a trial court is permitted to impose restitution for an amount of the victim's economic loss. If the victim has insurance that reimbursed her for part or all of the loss that occurred as a result of the offender's criminal conduct, the victim has not suffered an economic loss for the purposes of imposing restitution. The panel in *Mobley-Melbar* presumed that insurance covered part or all of the victim's medical bills, but that fact was not in the record — as demonstrated by the remand to the trial court to inquire into the existence of insurance. *In re T.C.*, 8th Dist. Cuyahoga No. 102632, 2015-Ohio-4384, ¶ 18 ("[i]n *Mobley-Melbar* this court found plain error when the trial court ordered restitution to the victim without considering possible insurance coverage."). *Mobley-Melbar* predated *Rogers* by several years and was overruled by implication. *See State v. Simmons*, 8th Dist. Cuyahoga No. 96208, 2011-Ohio-6074, ¶ 69 (the possibility of insurance coverage is not a sufficient basis to establish plain error with

respect to the imposition of restitution when the existence of insurance is not demonstrated in the record).

{¶9} Where restitution is imposed but the record does not demonstrate that the victim's economic losses were partly or wholly covered by insurance, we must affirm. *See, e.g., State v. Miller*, 8th Dist. Cuyahoga Nos. 104427 and 104428, 2017-Ohio-961, ¶ 12. If a particular victim omits any reference to potential insurance proceeds, that omission or the trial court's failure to inquire into the existence of insurance is not presumptively prejudicial error. *Id.* Nickens's argument rests on the faulty presumption that all victims, even large organizations, have insurance and have received proceeds for at least part of what was lost. *Id.* In this case, the record demonstrates that the trial court considered all that was required under R.C. 2929.18, the amount of restitution is based on competent, credible evidence, and nothing in the record affirmatively demonstrates that restitution was imposed for any amount already recovered through insurance proceeds. The trial court did not plainly err.

{¶10} Finally, there is no merit to Nickens's claim that her trial counsel was ineffective for failing to request a hearing on restitution. In order to substantiate a claim of ineffective assistance of counsel, the appellant must show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defendant so as to deprive him of a fair trial. *State v. Trimble*, 122 Ohio St.3d 297, 2009-Ohio-2961, 911 N.E.2d 242, ¶ 98, citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Judicial scrutiny of defense counsel's performance must

be highly deferential. *Strickland* at 689. In Ohio, there is a presumption that a properly licensed attorney is competent. *State v. Calhoun*, 86 Ohio St.3d 279, 289, 1999-Ohio-102, 714 N.E.2d 905. The defendant has the burden of proving his counsel rendered ineffective assistance. *State v. Perez*, 124 Ohio St.3d 122, 2009-Ohio-6179, 920 N.E.2d 104, ¶ 223.

{¶11} The crux of Nickens's argument is that her counsel should have requested a hearing under R.C. 2929.18. A hearing, however, is only required if the amount of restitution is contested. Nickens never contested the amount, and in fact, her counsel noted at sentencing that Nickens agreed to pay the $1,600 in restitution effectively inviting any error into the proceedings. *State v. Williams*, 8th Dist. Cuyahoga Nos. 102220-102223, 2015-Ohio-2522, ¶ 12, citing *State v. Jackson*, 8th Dist. Cuyahoga No. 99059, 2013-Ohio-3136, ¶ 15 (defendant agreed to restitution after initially disputing the amount and invited any error with respect to the amount of restitution). The state immediately noted that the actual amount was $1,640, and there was no objection to the $40 difference. Nickens was then working 40 hours a week at a new job and had every intent to pay off the fines, court costs, and restitution as discussed at sentencing. Nickens has failed to meet her burden of demonstrating ineffective assistance of counsel, and if any error occurred, it was invited by Nickens's agreement.

{¶12} We affirm.

It is ordered that appellee recover from appellant costs herein taxed. The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
ANITA LASTER MAYS, J., CONCUR