[Cite as *State v. Cowart*, 2020-Ohio-4381.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,         :

                                 No. 109038

    v.                          :

ANDREA M. COWART,                       :

    Defendant-Appellant.        :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 10, 2020

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-636143-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Kristen Hatcher, Assistant Prosecuting Attorney, *for appellee.*

Ruth R. Fischbein-Cohen, *for appellant.*

KATHLEEN ANN KEOUGH, P.J.:

{¶ 1} Defendant-appellant, Andrea Cowart, appeals her conviction for unauthorized use of a vehicle. For the reasons that follow, we affirm.

{¶ 2} Cowart was indicted for grand theft, in violation of R.C. 2913.02(A)(2), and vandalism, in violation of R.C. 2909.02(B)(1)(a). The charges

stemmed from her failure to return a rental vehicle to Hertz after the rental period ended and she stopped paying for the vehicle. At trial, the jury heard the following evidence.

{¶ 3} On April 25, 2018, Cowart rented a Land Rover vehicle from Hertz Corporation. According to the rental agreement, she was to return the vehicle on May 2, 2018. On May 4, Cowart extended the rental period until May 9 after Hertz notified her that the rental vehicle was overdue. She requested no further extensions, and as of May 14, Cowart was no longer paying for the rental.

{¶ 4} On May 24, Hertz hired a repossession team to retrieve the vehicle and sent a demand letter to Cowart stating that she must return the vehicle. When she did not return the vehicle, Hertz filed a report on June 2 with the Bedford Heights Police Department that the vehicle stolen. During this time, Cowart told both Hertz and the repossession company that she knew the vehicle was overdue.

{¶ 5} On October 25, 2018, Garfield Heights police discovered the reported stolen vehicle parked on a city street. Officer Patrick Monnolly testified that he observed two people sleeping in the back seat of the vehicle, one of whom was Curtis Jones ("Jones"). The police recovered the vehicle and had it towed from the scene.

{¶ 6} Bedford Heights Detective Glenn Daniels investigated Hertz's stolen vehicle report and interviewed Cowart following her arrest. According to Daniels, the vehicle had damage to its front end, including scratches on the right front door, a broken front bottom panel, and a "huge chunk" missing from the right front

corner. He described the inside of the car as if "a whole family had been living in [it]." (Tr. 256.)

{¶ 7} Cowart testified on her own behalf and stated that she allowed Jones, her then-boyfriend, to use the vehicle despite her knowledge that he was not an approved driver on the Hertz rental agreement. She also admitted that she knew she had to return the vehicle because she stopped paying for it on May 14. Despite this knowledge, she did not return the vehicle. She claimed she was unable to return it because Jones "absconded" with the vehicle. She admitted, however, that she and Jones did not stop dating until the end of May, well after the rental period ended. Moreover, she admitted that even after they split up and he still had possession of the vehicle, she did not report it stolen to Hertz.

{¶ 8} The jury found Cowart not guilty of vandalism and grand theft, but guilty of the lesser-included offense of unauthorized use of a vehicle, a fifth-degree felony, in violation of R.C. 2913.03. The court sentenced Cowart to one year of community control sanctions and ordered her to pay restitution to Hertz in the amount of $6,517.88. Cowart now appeals, raising three assignments of error.

## I. Cowart Challenges Her Convictions

{¶ 9} In her first and second assignments of error, Cowart raises arguments challenging her conviction and the admissibility of evidence. In her first assignment of error, she contends that her conviction for unauthorized use of a vehicle was plain error and based on hearsay evidence. In her second assignment of error, Cowart contends that her conviction is not supported by sufficient evidence and against the

manifest weight of the evidence. This court will address these assignments of error together because they each challenge her conviction.

{¶ 10} Cowart generally contends that her conviction is based on hearsay testimony and documents, specifically the rental procedures and sequence of events in this case. Our review of the record reveals that Cowart stipulated to the authenticity and admissibility of Hertz's business records. Additionally, Cowart testified about the circumstances surrounding her renting the Land Rover from Hertz, including that she knew it was overdue, she was not making payments, she did not return the vehicle, and did not report it stolen. Accordingly, her conviction was not a result of hearsay testimony and documents.

{¶ 11} Regarding Cowart's plain-error challenge, we note that counsel moved for acquittal following the state's presentation of the evidence and again at the close of evidence. Accordingly, her plain-error challenge is duplicative of the sufficiency argument raised in her second assignment of error.

{¶ 12} The test for sufficiency requires a determination of whether the prosecution met its burden of production at trial. *State v. Bowden*, 8th Dist. Cuyahoga No. 92266, 2009-Ohio-3598, ¶ 12. An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Murphy*, 91 Ohio St.3d 516, 543, 747 N.E.2d 765 (2001). "'The relevant inquiry is whether, after viewing the evidence in a light most favorable

to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *State v. Walker*, 150 Ohio St.3d 409, 2016-Ohio-829, 82 N.E.3d 1124, ¶ 12, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶ 13} Pursuant to R.C. 2913.03(B), "no person shall knowingly use or operate [a] * * * motor vehicle * * * without the consent of the owner or person authorized to give consent, and either remove it from this state or keep possession of it for more than forty-eight hours."

{¶ 14} In order to be found guilty of the unauthorized use of a vehicle, the state need only prove that the defendant knowingly used or possessed the motor vehicle without the consent of the owner or person authorized to give consent for more than forty-eight hours. *See State v. Pinkston*, 8th Dist. Cuyahoga No. 103833, 2016-Ohio-5414, ¶ 8. A conviction for unauthorized use of a vehicle is supported by sufficient evidence if, after the original use of the rental car as authorized by contract, the rental company withdraws consent and the individual retains the vehicle beyond the statutory time-period. *State v. Bryant*, 1st Dist. Hamilton No. C-110484, 2012-Ohio-3909, ¶ 15-16.

{¶ 15} In this case, it is uncontroverted that Cowart knew the vehicle was overdue, yet she did not make any additional payments and she did not return the vehicle. And the evidence clearly demonstrates that she continued to possess the rental vehicle at least 48 hours after consent was revoked, which was when the approved rental period ceased, and she stopped making payments. Cowart

contends, as she did in the trial court, that Jones absconded with the vehicle and thus, she was unable to return the vehicle. However, as the state correctly points out, Cowart admitted that they were still dating when the vehicle became overdue. Additionally, she did not report the vehicle stolen after the alleged theft of the vehicle by Jones. Based on the foregoing, we find that Cowart's conviction is supported by sufficient evidence.

{¶ 16} Although Cowart also contends that she is challenging her conviction as being against the manifest weight of the evidence, she fails to set forth the appropriate standard for review and make any independent argument for this court to consider as required by App.R. 12 and 16. *See State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997), paragraph two of the syllabus (the concepts of a conviction as being against the manifest weight of the evidence, and as being supported by insufficient evidence are distinct, both quantitatively and qualitatively different, and must be reviewed under different standards of review). Accordingly, we summarily find that her conviction is not against the manifest weight of the evidence. Even reviewing the record under the manifest weight standard, we find that this is not the exceptional case where the jury clearly lost its way in finding Cowart guilty of the lesser-included offense of authorized use of a vehicle.

{¶ 17} Cowart's first and second assignments of error are overruled.

## II. Cowart Challenges the Court's Restitution Order

{¶ 18} In her third assignment of error, Cowart contends that the trial court erred in its restitution order by ordering her to pay the unpaid rental costs and the

towing fee. We initially note that Cowart has failed to comply with App.R. 12 and 16 by failing to support her claims with citations to the record, case law, or statutes. *See* App.R. 12(A)(2) and 16(A)(7). This failure is reason enough for this court to summarily overrule her assignment of error and affirm the restitution order.

{¶ 19} Even addressing the assignment of error, we find no error. Before imposing an order of restitution, a sentencing court must determine that "'the amount of restitution bears a reasonable relationship to the loss suffered.'" *State v. McLaurin*, 8th Dist. Cuyahoga No. 103068, 2016-Ohio-933, ¶ 13, quoting *State v. Borders*, 12th Dist. Clermont No. CA2004-12-101, 2005-Ohio-4339, ¶ 36. The amount of restitution must be determinable to a reasonable degree of certainty and supported by competent, credible evidence. *Id.*, citing *State v. Warner*, 55 Ohio St.3d 31, 69, 564 N.E.2d 18 (1990). The state demonstrated, through uncontested evidence, that Hertz had not received compensation for the rental period, during which Cowart had unauthorized possession and use of the rental car. Accordingly, it was not error to impose $5,868.24 for the outstanding amount due and owing prior to the recovery of the rental vehicle. The state also presented competent and credible evidence that Hertz incurred towing fees in the amount of $649.64 for the recovery of the vehicle. Because the jury found Cowart not guilty of the vandalism offense, it was proper for the trial court to deny the state's request for restitution pertaining to damages to the rental vehicle. We find that the trial court's restitution order was proper, and Cowart's third assignment of error is overruled.

{¶ 20} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
MARY EILEEN KILBANE, J., CONCUR